FINE *v.* LOCKWOOD.

Opinion delivered March 18, 1929.

*Louis Tarlowski,* for appellant.

*Jay M. Rowland, A. T. Davies* and *Murphy & Wood,* for appellee.

McHANEY, J. Appellant brought this action to enjoin the appellees from using or attempting to use the name of "Palais Royal" as the name of a ladies' ready-to-wear store which they were preparing to open in that name in the city of Hot Springs. He based his right to an

injunction on two grounds: First, that he had duly registered the name "Jack Fine's Palais Royal" in white letters upon a background of blue, with a royal crown above the words, with the Secretary of State, pursuant to the provisions of § 10295 *et seq.*, C. & M. Digest, as a trade-mark, and had been issued a certificate of registration therefor; and, second, that, by reason of the prior continuous and extensive use of said name over a period of years, same had become valuable to him, had acquired a secondary meaning as applied to his business, and that the use of such name by a competitor would result in unfair competition, and a deception upon the buying public, and that, by virtue of said use by him, he had acquired a property right in that name which entitled him to the protection thereof by the court. He further alleged that he was preparing to open a store in the city of Hot Springs under that name, and that the operation of two stores in that city under the same name would cause confusion.

Appellee filed an answer, consisting of a general denial and cross-complaint, seeking to enjoin appellant from opening or operating a store in Hot Springs under the name of "Jack Fine's Palais Royal," or under any name including the term "Palais Royal."

After hearing the testimony, the court entered a decree dismissing appellant's complaint for want of equity, and restraining him from using the name of "Palais Royal" alone as the name of his store which he proposed to open in Hot Springs, but permitting him to use the name of "Jack Fine's Palais Royal." The court further decreed that the appellee only was entitled to the use of the name "Palais Royal" in said city.

The correctness of this decree is questioned both by an appeal and a cross-appeal. We think the court correctly determined the case both on the appeal and the cross-appeal. The name "Palais Royal" is a name in common use generally throughout the United States, and perhaps in foreign countries, for ladies' ready-to-wear stores, and other business establishments. The great

preponderance of the evidence shows this to be a fact. It is such a common name, so generally used in business establishments, that we are of the opinion that, standing alone, it is not subject to be registered as a trade-mark. But, when taken in connection with appellant's own name in white letters on a background of blue, with a royal crown emblem above the words, it might be subject to registration as a trade-mark under our statute. Section 10297, C. & M. Digest, provides that "the Secretary shall not receive and record any proposed trade-mark which is not and cannot become a lawful trade-mark, or which is merely the name of a person, firm or corporation, unaccompanied by a mark sufficient to distinguish it from the same name when used by other persons, or which is identical with a trade-mark appropriated to the same class of merchandise," etc.

The name "Palais Royal" standing alone, however, is a name in common use, such as "The Leader," "The Famous," "The Boston Store," or other similar names as applied to business establishments, some of which you will find in most every city or town of any size. We are therefore of the opinion that the name "Palais Royal," standing alone, would not be subject to registration, and that the name "Palais Royal" is not a name of such similar resemblance to the trade-mark, "Jack Fine's Palais Royal," as to constitute an infringement upon his trade-mark. It is true that appellant is doing business under his trade-mark name in the cities of Little Rock, El Dorado, Smackover, Fort Smith, in the State of Arkansas, and in Monroe, Louisiana. He is also doing business in Pine Bluff, Arkansas, under the name of "Jack Fine's Ladies' Ready-to-Wear," the name "Palais Royal" having been appropriated by another store in Pine Bluff prior to his entrance therein.

We do not think appellant acquired any secondary meaning to his business under the name of "Palais Royal," but he may have done so under the name of "Jack Fine's Palais Royal," and in this the decree of the court protects him.

We do not deem it necessary to enter upon a discussion of the many cases cited in the briefs of the respective parties, as we do not regard them as applicable to the facts in this case. The decree is therefore affirmed, both on the appeal and the cross-appeal.