Liberty Cash Groceries, Inc., *v.* Adkins.

4-3861

Opinion delivered May 13, 1935.

*Griffith & Geister,* for appellant.

*Verne McMillen,* for appellee.

Johnson, C. J. Appellees are independent retail grocery merchants, domiciled in the vicinity of Little Rock and North Little Rock, Arkansas, and as such respectively operate in an association of retail merchants under the trade name of "Liberty Home Stores." This trade name was adopted by appellees as an association of retail grocery merchants about the year 1929. In the summer of 1934 appellant promulgated advertising to the effect that he would open a grocery store on West Capitol Avenue in the city of Little Rock to be known under the appellation of "Liberty Cash Groceries, Inc.," and thereupon this suit was instituted by appellees in the chancery court of Pulaski County against appellant to enjoin and restrain the use by appellant of the trade name of "Liberty Cash Groceries, Inc.," because, as it was alleged, the use of such trade name by appellant would deceive, confuse and fraudulently mislead the public to believe that they were purchasing and trading with appellees, thereby resulting in unfair competition and irreparable injury to appellees and their respective businesses. Upon trial the chancellor permanently enjoined

and restrained appellant from using the word "Liberty" as a part of his trade name, and this appeal follows.

Appellant's contention for reversal is that the use by appellant of the word "Liberty" as a part of his trade name is not descriptively similar to appellees' trade name, and that the word "Liberty" is a common word of general use, and appellees have no legal right to its exclusive use. Our case of *Fine* v. *Lockwood*, 179 Ark. 222, 14 S. W. (2d) 1109, is cited by appellant as decisive of the contention urged. We can not agree that the case cited controls the case under consideration. There appellant had not operated a store under his trade name prior to the institution of the suit in that trade territory, and the trade name there sought to be protected had no distinctive secondary meaning in that trade territory. Here the testimony reflects, and the chancellor so found, that appellees had operated their respective grocery stores in the vicinity of Little Rock and North Little Rock for some five or six years under the trade name of "Liberty Home Stores," and that the trade name of "Liberty Home Stores" had thereby acquired a distinctive secondary meaning in the trade territory in the vicinity of Little Rock and North Little Rock. The general rule on the question under consideration is aptly stated in 26 R. C. L., page 876, as follows:

"An infringement on a trade name is such a colorable imitation of the name that the general public, in the exercise of reasonable care, might think that it is the name of the one first appropriating it. Where such a similarity occurs, it tends to divert trade from a business rival who has previously adopted its name and operates as a fraud which may be restrained by injunction, although the prior user may not have an exclusive right to the use of the name."

Without quoting the testimony adduced upon trial in detail, it may be said it was amply sufficient to warrant the chancellor in finding that appellees by advertising their respective businesses for the past several years in the trade territory of Little Rock and North Little Rock as "Liberty Home Stores" had given to it a distinctive secondary meaning in that territory, and one which

should of right be protected to them by injunctive relief This doctrine was fully recognized by us in *Fine* v. *Lockwood, supra,* wherein we said: "We do not think appellant acquired any secondary meaning to his business under the name of 'Palais Royal,' but he may have done so under the name of 'Jack Fine's Palais Royal,' and in this the decree of the court protects him."

It follows from what we have said that the trial court's decree is correct, and must be affirmed.