SAVE-A-STOP, INC. *v.* SAV-A-STOP, INC.

5-1759                                     322 S. W. 2d 454

Opinion delivered March 30, 1959.

*Glenn F. Walther,* for appellant.

*Arnold M. Adams* and *Garvin Fitton,* for appellee.

JIM JOHNSON, Associate Justice. Appellants, Save-A-Stop, Inc., *et al.,* with their principal place of business in Little Rock, and appellee, Sav-A-Stop, Inc. with its principal place of business in Harrison, are engaged

in the sale of housewares, school supplies, health and beauty aids, and other miscellaneous merchandise at wholesale to grocery stores who sell such merchandise at retail off of racks supplied by the wholesaler.

Appellants brought this action to enjoin appellee from using the name, trademark or service mark of "Sav-A-Stop" or other similar words which could deceive retail grocers or the public into believing that they were purchasing goods offered by appellant.

Appellee counterclaimed alleging ownership of the name "Sav-A-Stop" and asked that appellants be restrained from its use and prayed that the trademark of the appellants be cancelled.

From a decision dismissing the prayer of both the appellants and appellee, the appellants appeal. For reversal, three points are relied upon: 1. The use of the words "Save-A-Stop" in connection with the business of the Little Rock Wholesale Company and the adoption and use of such words as its corporate name by the Little Rock Company, prior to the use of such words by others, give rise to an exclusive trade name. 2. The prior use of a trade name, trademark or a corporate name entitles the user to the exclusive use of such name or mark within a reasonable expansion area, which is normally to the state line. 3. The use of the name or mark, which belongs to another by reason of prior use, constitutes unfair competition regardless of palming off, where copying or imitation exists or where such use is unethical or constitutes an infringement of property rights.

All three of these points are adequately covered in the excellent opinion of the trial court. Therefore, due to the conclusion hereinafter set out, the pertinent parts of that opinion are as follows:

"The facts involved are largely undisputed and the court does not here deem necessary a lengthy statement of the facts. It is established that plaintiff, 'Save-A-Stop, Inc.' was incorporated October 3, 1955, and is domiciled at Little Rock, Arkansas. That its officers and

stockholders are substantially the same as the officers and stockholders of plaintiff, the Little Rock Wholesale Company. That the latter company first began using the words 'Save-A-Stop' on its merchandise racks furnished to its retail customers in the fall of 1953; and in April 1954, it obtained a trademark registration certificate from the Office of the Secretary of the State for the words 'Save-A-Stop' on a red disc for use of the trademark only upon merchandise classification No. 18 pharmaceutical preparations (See Ark. Stats. Sec. 70-534). That this red disc design has been used in advertising on delivery trucks, on letterheads, invoices, etc. When plaintiff 'Save-A-Stop, Inc.,' was organized plaintiff, Little Rock Wholesale Company, assigned to the new corporation its trademark rights. The new company has functioned only as a commission selling agent for Little Rock Wholesale Company. The latter company is the owner of the merchandise and bills the retail store customers for same, the merchandise handled consists of health and beauty aids and housewares. The Little Rock Wholesale Company had, prior to incorporation of 'Save-A-Stop, Inc.,' expanded its trade territories to the counties of Polk, Montgomery, Garland, Saline, Pulaski, Pope, Conway, Faulkner, White, Jackson, Craighead, Mississippi, and other counties in Arkansas south thereof. After the new plaintiff corporation was formed both plaintiff corporations have continued to do business in all of said area with the new corporation acting as the exclusive selling agent for the Little Rock Wholesale Company, and said plaintiffs are presently also doing business in Louisiana, Texas and Mississippi, with the new corporation acting as the exclusive selling agent for Little Rock Wholesale Company. The slogan 'Save-A-Stop' has and is being used by plaintiffs in advertising their business.

"The defendant, 'Sav-A-Stop, Inc.' was incorporated in Arkansas on December 27, 1955, with its principal office and place of business in Harrison, Arkansas. It was a successor to the business of Merchants Supply Company, which was incorporated in 1950. The defendant and its predecessor have been engaged in selling

health and beauty aids and housewares, and the defendant operates in Arkansas and seven other states and has spent about $90,000 advertising its trade name and slogan. Both the plaintiff companies and the defendant deal in nationally advertised products and about the same general line of merchandise. The defendant's predecessor corporation first started using 'Sav-A-Stop' in connection with the sale of its merchandise about July 1955, and the defendant has used this slogan, or part of its corporate name, in advertising since its incorporation. Its invoices and letterheads use the corporate name 'Sav-A-Stop, Inc.' and carry the address: Harrison, Arkansas. It distributes decals to be placed in windows of its customers' stores which read: 'Shop Our Sav-A-Stop Department.' These decals are an irregular rectangle shape and have red and black letters on a yellow background. It also uses the words 'Sav-A-Stop' in news, radio and television advertising.

"Plaintiffs contend that the similarity of the defendant's name and advertising slogan tends to bring about confusion in mail and in the minds of manufacturers' representatives and to mislead customers, and that defendant should be restrained from using the words 'Sav-A-Stop, Inc.,' with the name of the defendant. There is no substantial evidence indicating that any confusion on the part of customers of the parties has resulted, or that it will likely result in the future. Both plaintiffs and the defendant limit their business to wholesale operations and, therefore, their customers are business people who should be capable of a reasonable degree of discrimination. The rule in such cases appears to permit a greater degree of similarity in names than may be permitted where trade is with the public-at-large (*Federal Securities Co.* v. *Federal Securities Corp.,* 129 Or. 375, 276 P. 1100, 66 A. L. R.; 947). Three different Little Rock grocers testified that they were customers of plaintiffs or defendant and in some instances of both, and that they were not at any time confused with which of the parties they were dealing. There is no evidence indicating that the defendant had any knowledge of the name, or slogan used by plaintiffs at the time it incorporated under its

present name. The evidence shows that the defendant decided upon the name 'Sav-A-Stop, Inc.,' for its business after learning of the use of the name by some similar merchandise concern in the State of Florida. The Court finds that there is no evidence of any intent on the part of the defendant in the adoption and use of its name or advertising slogan to mislead customers and thereby divert trade from plaintiffs.

"As to plaintiffs' claim of exclusive trademark rights by virtue of prior use of the slogan 'Save-A-Stop' in its advertising and merchandising and in obtaining a trademark registration certificate, the Court is of the opinion that the evidence does not disclose that plaintiffs ever used such slogan as a trademark, inasmuch as the evidence indicates that plaintiffs have never actually affixed the slogan, or purported trademark, to items of merchandise. To establish a trademark it must be attached, or affixed to a vendable commodity itself, or its cover, case or wrapping. A word or phrase used in circulars, price lists and advertisements but not placed upon the article itself does not constitute a trademark (52 Am. J. p. 511, Sec. 6). The Arkansas Statute 70-526 (E) is in accord with this general rule.

"As pointed out in the Oregon case above cited, the ultimate question in cases of this type is always whether trade is being unfairly diverted and whether the customers are deceived into purchasing something they are not in fact getting; and the Court will 'interfere solely to prevent deception, and where the deceptive tendency is not clear equity will withhold its hand until actual deception has resulted. Mere possibility of deception is not enough.' The case of *Liberty Cash Grocers, Inc.* v. *Adkins, et al.,* 190 Ark. 911, 82 S. W. 2d 28 is distinguishable from the case before the Court in that the businesses there involved were retail and the customers were the general public. Both plaintiffs' and defendant's businesses were in the city and entirely domiciled in Little Rock and North Little Rock. The plaintiffs had operated in the city for five years and the name had apparently become well-established. The defendant

in that case was apparently well aware of plaintiff's business name at the time he sought to open a retail store with a similar name. Also, the word 'Liberty' appeared to have no connection with the type of business or service involved. In the case at bar, testimony of defendant indicates that the slogan, or name, 'Sav-A-Stop' was intended to suggest the idea that by patronizing its merchandise counter in the retail grocery store additional trips to other types of stores might be avoided; therefore, it appears that the corporate name and the advertising slogan is descriptive of the merchandising service rendered and is not merely fanciful.

"It being the opinion of the Court that the evidence fails to show that trade is being unfairly diverted or their customers are being deceived, a decree shall be entered dismissing plaintiffs' petition and defendant's cross-petition . . ."

After a careful review of the record we cannot say that the Chancellor's findings are contrary to the weight of the evidence. We do say, however, that this case presented some most provocative questions in a field of law that is almost a stranger to this Court. In seeking the common law application to the case at bar, we find a most comprehensive discussion of trade and service marks in the Arkansas Law Review, Volume 9, page 318. We agree that at common law the case at bar, due to the similarity of the names, borders on the class of cases wherein injunction would lie, but further search convinces us that in the use of words descriptive of a service, where the person using them has not used them over a long period of time substantially to the exclusion of all others who perform the same or similar services, such descriptive words will not be protected by injunctive relief, because one man cannot appropriate as his mark the usual words in the common language which would be used to describe the service rendered. In this case neither party contends that their names are a result of their own wit, but instead both admit that they got the idea from others in the same business who use the same name. The name is certainly not unique enough

to either litigant from the facts presented to enable one to have its use to the exclusion of the other.

The conclusion which we have reached above is in harmony with the opinion of this Court in the case of *Fine* v. *Lockwood*, 179 Ark. 222, 14 S. W. 2d 1109.

Affirmed.

SMITH and ROBINSON, JJ., dissent.