# FORT SMITH SYMPHONY ORCHESTRA, INC.
## *v.* FORT SMITH SYMPHONY ASSOCIATION, INC.

84-294                                    686 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered March 25, 1985

*Martin, Vater & Karr,* by: *Charles Karr,* for appellant.

*Warner & Smith,* by: *L. Cody Hayes* and *G. Alan Wooten,* for appellee.

DARRELL HICKMAN, Justice. Dissension arose in the Fort Smith Symphony Association when their conductor of 14 years, Walter Minniear, resigned in 1984. Some performing members wanted more voice in the decisions made by the board of directors which was made up primarily of non-performing members. About half of the performers resigned or disassociated themselves from the orchestra in May of 1984 and formed a new organization; it was incorporated as a non-profit corporation named Fort Smith Symphony Orchestra, Inc. The old organization, which had existed since the late 1920's, the Fort Smith Symphony Association, Inc., filed suit in chancery court, seeking an injunction to prevent the new organization from using the name "Fort Smith Symphony Orchestra." Two days after the appellant was served, the chancellor held a hearing and issued a temporary injunction. The older organization was required to post a $10,000 bond to cover any damages that might occur in the event the injunction was not later made permanent. The new organization brings this appeal from the temporary order, which is permissible under Ark. R. App. P. 2.

Three errors are alleged: the chancery court should have dismissed the complaint because no irreparable harm was alleged by the appellees and because the circuit court, rather than the chancery court, had jurisdiction; notice was insufficient; and the chancellor was wrong in issuing a temporary injunction. The order is affirmed.

While there are no cases directly in point in Arkansas,

other jurisdictions in similar cases have made decisions that support the finding of the trial court in this case. See 37 ALR3d 277 (1971).

In *Missouri Federation of the Blind* v. *Nat'l. Federation of the Blind,* 505 S.W.2d 1 (Mo. 1974), it was held that a not-for-profit organization has the right to adopt a name by which it will be known and to reap the benefits of the good will it derives under that name, just as a profit-making organization has that right. The same principle was affirmed in *Metropolitan Opera Assn.* v. *Metropolitan Opera Assn.,* 81 F. Supp. 127 (D.C. Ill. 1948), where an Illinois opera began using the name of the world renowned opera company in New York. The district court held that the use of the name by the local company was likely to mislead the public into believing that the two organizations were somehow connected and that injunctive relief was proper. The basis for the decision was that a misleading name is likely to deceive the public and that an organization has the right to protection of the good will and reputation it has developed over time.

Although the issue has never arisen in Arkansas in a case involving a not-for-profit corporation, we have afforded protection on the same basis to ordinary corporations where we have found the names to be confusing and likely to mislead. *Clyde Campbell University Shop* v. *Campbell-Bell, Inc.,* 243 Ark. 937, 422 S.W.2d 875 (1968); *Liberty Cash Groceries, Inc.* v. *Adkins,* 190 Ark. 911, 82 S.W.2d 28 (1935). We do not hesitate to extend the principle to non-profit corporations.

In this case we agree with the chancellor that the name "Fort Smith Symphony Orchestra" has been used in such close association with the appellee that the use of the name by the appellant could lead to confusion on the part of the public and, as a result of that confusion, injury to the appellee. The evidence of the close association is overwhelming. For example the appellee introduced programs printed with that name, correspondence by the appellee using that name, and a proclamation by the mayor in 1982 declaring the week to be "Fort Smith Symphony Orchestra

Week" with reference to the appellee. There was some evidence that people in the community were confused by the situation. The appellant planned concerts in the same auditorium that the appellee had always used. The appellee provided evidence that it was supported in great part by ticket sales, gifts and donations. This evidence is more than adequate to sustain the chancellor's action in issuing the injunction.

The complaint did not use the words "irreparable harm" and for this reason the appellant argues the case should have been dismissed. The complaint did state facts which in our judgment would allow the chancellor to hear evidence regarding injunctive relief. The complaint also stated that there was no adequate remedy at law. Pleadings shall be liberally construed so that effect is given to the substance of the pleading rather than the form. *Home Ins. Co.. v. Williams,* 252 Ark. 1012, 482 S.W.2d 626 (1972). Furthermore, the evidence presented at the hearing amounted to at least a *prima facie* showing that irreparable harm could result in the absence of injunctive relief. See *Paccar Financial Corp.* v. *Hummell,* 270 Ark. 876, 606 S.W.2d 384 (Ark. App. 1980).

We do not agree with the appellant's argument that the circuit court had jurisdiction of this case since that is where non-profit organizations file their articles of incorporation. Ark. Stat. Ann. § 64-1905 (Repl. 1980). The appellee simply sought an injunction which is an equitable remedy within the jurisdiction of the chancery court. *McKenzie* v. *Burris,* 255 Ark. 330, 500 S.W.2d 357 (1973).

The two day notice of the hearing given the appellant, while somewhat short, was not so inadequate as to void the proceedings. A temporary injunction may issue without any hearing where there are affidavits or a verified complaint alleging irreparable harm without relief. ARCP Rule 65(a)(1). The injunction in this case was not issued until the trial court had heard from four witnesses and considered a number of documents. Necessarily, the trial court must have some discretion in setting a hearing for a temporary injunction. No abuse of that discretion will be found unless

the notice is patently unfair and prejudicial. The appellant has been unable to demonstrate such an abuse.

Affirmed.