John C. PULLAN, d/b/a SHEAR PLEASURE FAMILY HAIR CARE *v.* Julia P. FULBRIGHT, d/b/a JULIA'S SHEAR PLEASURE BEAUTY SALON

85-79                                                          695 S.W.2d 830

Supreme Court of Arkansas
Opinion delivered September 23, 1985

*Floyd G. Rogers*, for appellant.

*Eddie H. Walker, Jr.*, for appellee.

ROBERT H. DUDLEY, Justice. Since October 1980, appellee, Julia P. Fulbright, has operated a beauty salon in Fort Smith

under the name of Julia's Shear Pleasure Beauty Salon. Since March 1983, appellant, John C. Pullan, has operated a barber shop in Van Buren under the name of Shear Pleasure Family Hair Care. In August 1983, five months after appellant opened his barber shop, appellee registered the trademark "shear pleasure" with cutting shears above the word "shear" and surrounded by a border. Appellee then brought an action to enjoin appellant from alleged unfair competition through the use of her trade name. The trial court entered a decree enjoining appellant from using the trade name "shear pleasure." We reverse and dismiss.

Trade names are afforded protection under the law of unfair competition. They are protected by a registration statute and by the common law. *See* Ark. Stat. Ann. § 70-539(e), § 70-550, and § 70-552 (Repl. 1979). Appellee does not contend that the trade name registration statute, § 70-540(e), affords her any protection, perhaps because she did not register her trademark until after appellant began using his trade name. However, she does contend that the common law, coupled with § 70-550 may afford her protection. The pertinent part of § 70-550 provides:

> Likelihood of injury to . . . a trade name valid at common law, shall be grounds for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of . . . services.

Appellant does not contend that the names themselves are sufficiently distinguishable so as to avoid confusion. *See Shoppers Fair of Ark., Inc.* v. *Sanders Co.*, 207 F. Supp. 718, at 732-735 (W.D. Ark. 1962). Rather, he contends that the words "shear pleasure" are descriptive words which have not acquired a "secondary meaning" or a new significance by which the public recognizes appellee's trade name in appellant's business area. We agree.

Descriptive words may not be afforded the status of a trade name unless they have acquired a "secondary meaning." The concept of "secondary meaning" has been explained as follows:

> There are certain names, marks, and symbols which in their primary sense are merely generic or descriptive and do not ordinarily indicate the origin of goods or services.

Such names, marks, or symbols, when used in their primary sense, cannot form the subject matter of a trade or service mark. However, a name, mark, or symbol by long and exclusive use and advertising by one person in the sale of his goods and services may become so associated in the public mind with such goods or services that it serves to identify them and distinguish them from the goods or services of others. When such an association exists, the name, mark, or symbol is said to have acquired a 'secondary meaning' in which the original user has a property right which equity will protect against unfair appropriation by a competitor.

*Liberty Mut. Ins. Co.* v. *Liberty Ins. Co. of Tex.*, 185 F. Supp. 895, 903 (E.D. Ark. 1960).

Appellant testified that he decided to use the words "shear pleasure" in his trade name when he saw a coffee mug inscribed: "A hairdresser is shear pleasure." He also testified that barbershops in Ozark and Clarksville, as well as Muskogee, Oklahoma, use the words "shear pleasure" in their names. Appellee testified that she got the idea for her trade name from a barbershop in Little Rock.

In *Sav-A-Stop, Inc.* v. *Sav-A-Stop, Inc.*, 230 Ark. 319, 322 S.W.2d 454 (1959) we stated:

We agree that at common law the case at bar, due to the similarity of the names, borders on the class of cases wherein injunction would lie, but further search convinces us that in the use of words descriptive of a service, where the person using them has not used them over a long period of time substantially to the exclusion of all others who perform the same or similar services, such descriptive words will not be protected by injunctive relief, because one man cannot appropriate as his mark the usual words in the common language which would be used to describe the service rendered. In this case neither party contends that their names are a result of their own wit, but instead both admit that they got the idea from others in the same business who use the same name. The name is certainly not unique enough to either litigant from the facts presented to enable one to have its use to the exclusion of the other.

Here, as in *Sav-A-Stop*, both got the idea for their names from others. The name is descriptive, not distinctive, and strong evidence is required to show that appellee's name has acquired a secondary meaning before it is entitled to common law protection. Not one single person testified that when they thought of "shear pleasure" they thought of appellee's beauty shop.

Reversed and dismissed.

PURTLE, J., not participating.