Paul CORNETT and Michael SMITH *v.* Mike PRATHER

718 S.W.2d 433

Supreme Court of Arkansas
Opinion delivered November 3, 1986

*Mashburn & Taylor*, by: *W.H. Taylor*, for appellant.

*Ray Bunch*, for appellee.

PER CURIAM. A judgment was entered against the appellants April 8, 1986. They moved for judgment notwithstanding the verdict April 15, 1986. On May 7, 1986, the court entered an order setting a hearing on the motion for June 10, 1986. The motion was denied June 19, 1986.

On July 9, 1986, the appellants filed their notice of appeal from both the judgment against them and the denial of their motion for judgment notwithstanding the verdict. The clerk of this court declined to docket the appeal on the ground that the notice of appeal was not timely.

■ As to the appeal from the judgment, the clerk was correct. The appellants had ten days from the denial of their motion for judgment notwithstanding the verdict to appeal from the judgment, Ark. R. App. P. 4(d), and they did not file it within that time.

■■ As to the appeal from the denial of their judgment notwithstanding the verdict, however, their notice was timely. Ark. R. App. P. 4(a) gives an appellant thirty days from the entry of the order appealed from to file the notice of appeal. The appellee argues that the appellants will raise the same issues in their appeal from the denial of their motion for judgment notwithstanding the verdict as they would raise if allowed to appeal from the judgment. We recognize a distinction between the two types of appeals, however, *Brittenum & Associates, Inc.* v. *Mayall*, 286 Ark. 427, 692 S.W.2d 248 (1985), and on appeal from denial of a motion for judgment notwithstanding the verdict we will review only the question whether there was sufficient evidence to go to the jury.

In perusing the record for the purpose of deciding the motion

before us, we did not find that the appellants made a motion for directed verdict at the close of all the evidence which is required by Ark. R. Civ. P. 50(b) as prerequisite to the motion for judgment notwithstanding the verdict. The appellee apparently did not object to the appellants' motion for judgment notwithstanding the verdict on the ground that no directed verdict motion had been made at the close of all the evidence.

Before we grant the rule on the clerk to permit the appellants to appeal from denial of their motion for judgment notwithstanding the verdict, both the appellants and the appellee are directed to brief the following issue: whether a motion for a directed verdict at the close of all the evidence is waived, as a prerequisite for the motion for judgment notwithstanding the verdict, by failure to assert the requirement when the latter motion is made.