Paul CORNETT and Michael SMITH *v.* Michael
PRATHER

87-89                                            737 S.W.2d 159

Supreme Court of Arkansas
Substituted Opinion on Rehearing
delivered October 5, 1987*

*Mashburn & Taylor*, by: *W.H. Taylor;* and *Putman &
Maglothin*, by: *Jennifer Morris Horan*, for appellee.

*Ray Bunch*, for appellee.

JOHN I. PURTLE, Justice. The petition for rehearing is
granted because we originally limited the appeal to the sole
question of whether or not the jury verdict was supported by any
substantial evidence. The issue was so limited by our Per Curiam

---

*Hickman, J., concurs; Glaze, J., would deny rehearing. Original opinion delivered
July 20, 1987.

styled *Cornett v. Prather*, 290 Ark. 262, 718 S.W.2d 433 (1986). We now hold that the appeal should not have been so limited, and reverse and remand for a new trial.

This appeal involves a defamation action brought by appellee Michael Prather against appellants Paul Cornett and Michael Smith. The complaint alleged that the appellants published defamatory statements concerning the appellee, who at the time of said publication held the rank of Captain/Chief Deputy for the Benton County Sheriff's Department. The case was tried before a jury and a verdict was rendered against the appellants in the amount of $50,000 upon a specific finding by the jury that the appellants had "negligently published defamatory statements" concerning the appellee. Appellants subsequently moved for judgment notwithstanding the verdict, assessing as error the insufficiency of the evidence and the trial court's failure to classify the appellee as a "public official." This motion was denied by the trial court.

In the November, 1986, Per Curiam, we considered the motion for a JNOV to be a standard motion pursuant to A.R.C.P. Rule 50. However, in the petition for rehearing the appellants point out that the motion may have been denominated Motion for Judgment Non Obstante Verdicto but that in substance it clearly was a motion for a new trial based upon the failure of the court to require the jury to find "actual malice" on the part of the appellants.

At the close of the evidence the trial court gave instruction #11, which defined the term "negligence" as set out in other instructions. The instruction also defined "actual malice" to mean knowledge that the statements were false or that the statements were made with reckless disregard for the truth. Petitioners offered their own instruction defining "actual malice." This instruction was refused. The court submitted the case to the jury on three verdict forms, which are set out below:

## VERDICT FORMS

We, the Jury, find for Plaintiff, Mike Prather, and find that

Defendants, Paul Cornett and Michael Smith, negligently published defamatory statements concerning the Plaintiff and fix Plaintiff's damages at *$50,000.00.*

S/*Alvin L. Felkins*, Foreperson
Filed of record March 28, 1986.

We, the Jury, find for Plaintiff, Mike Prather, and find that Defendants, Paul Cornett and Michael Smith, published defamatory statements concerning Plaintiff as a result of actual malice or ill-will and fix his damages as follows:

Compensatory damages $_____
Punitive damages $_____

_____
FOREPERSON

We, the Jury, find for Defendants, Paul Cornett and Michael Smith.

_____
FOREPERSON

The verdict forms obviously did not require the jury to determine whether "actual malice" existed because the jury was given the option of finding that the appellants had "negligently" defamed the appellee. Petitioners timely objected to the "negligence" verdict form. The brief in support of the motion for JNOV stated:

It is respectfully submitted that the jury verdict must be set aside as a matter of law [because] . . . the plaintiff was a "public official" as a matter of law as defined by the relevant federal constitutional standard . . . . [T]he jury must find actual malice before a verdict may be allowed to stand. They did not and the verdict must be set aside.

■ The trial court made no determination whether the plaintiff was a public official. Whether an individual is a "public official" may be a mixed question of fact and law, but it is a matter which should be determined by the trial court before the case is

submitted to the jury. *Rosenblatt* v. *Baer*, 383 U.S. 75, 88 (1966).

■ Although the motion in this case cited Rules of Civil Procedure Rule 50 and was entitled Motion for Judgment Notwithstanding the Verdict, it clearly stated grounds for a new trial set forth in Rules of Civil Procedure Rule 59(a), and was timely filed. We have hesitated to accept form over substance in many cases. For example, in *Fort Smith Symphony Orchestra, Inc.* v. *Fort Smith Symphony Association, Inc.*, 285 Ark. 284, 686 S.W.2d 410 (1985), we stated that "pleadings shall be liberally construed so that effect is given to the substance of the pleading rather than the form." The same construction should be given to motions. Courts should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek. It would not be in the interest of justice and fair play to be blindly guided by the title of a motion or pleading. We continue to abide by the well-established rule that a pleading will not be judged entirely by what it is labeled but also by what it contains.

■ We do not fully agree with the appellant's argument that the jury was prevented from finding "actual malice." However, it is fair to say that the jury was not required to find "actual malice" because the verdict returned by the jury found that the appellants had "negligently" defamed the appellee. On retrial the court will determine whether the appellee was a "public official." If the court determines that the appellee was, in fact, a "public official," the jury will then be required to find "actual malice" for the appellee to recover.

Reversed and remanded.

Hickman, J., concurs.

Glaze, J., would deny.

Darrell Hickman, Justice, concurring. I concur with the result but write to express myself on one issue.

The appellee was and is a "public official" as a matter of law and that ought to be that. Absent evidence of malice, and none has surfaced so far in the suit, it might be disposed of on summary judgment. *See Lancaster* v. *Daily Banner*, 274 Ark. 145, 622 S.W.2d 671 (1981).