Calvin HOLLOWELL *v*. The ARKANSAS DEMOCRAT
NEWSPAPER

87-154                                    737 S.W.2d 646

Supreme Court of Arkansas
Opinion delivered October 19, 1987
[Rehearing denied November 23, 1987.]

*Calvin C. Hollowell*, pro se.

*Wright, Lindsey & Jennings*, for appellee.

DARRELL HICKMAN, Justice. This is a defamation suit. The appellant, Calvin Hollowell, was a deputy sheriff with the Pulaski County Sheriff's Department. He was fired primarily because of "immoral conduct." Specifically, he was charged with having sex with four known prostitutes. Hollowell appealed his dismissal to the Civil Service Commission, which upheld the sheriff's decision to terminate him. Hollowell appealed that decision to the Pulaski County Circuit Court, which reviewed the commission's decision *de novo*. The court found the commission's decision to be supported by substantial evidence and affirmed.

Meanwhile, the Arkansas Democrat was reporting much of this activity. They first reported that several deputies were fired because of an alleged sex ring being operated out of the prison. They later reported the actions of the Civil Service Commission and the circuit court upholding Hollowell's dismissal.

Hollowell sued the Democrat for defamation. The case was submitted to the trial court on a motion for summary judgment.

The judge, after considering the pleadings, affidavits, exhibits, and briefs of the parties, granted the Democrat's motion and dismissed Hollowell's suit.

■ On appeal Hollowell makes several arguments; however, his appeal is meritless. That he was a public official is not seriously disputed; therefore, he had to prove, assuming the newspaper articles were false (which the Democrat does not, in fact, concede), that the articles were published with actual malice. *See Gertz* v. *Robert Welch*, 418 U.S. 323 (1974); *Lancaster* v. *Daily Banner-News Publishing Company*, 274 Ark. 145, 622 S.W.2d 671 (1981). There was no evidence presented to show that the articles were written or published with actual malice.

■ Accordingly, the trial court was correct in granting summary judgment.

Affirmed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur in the result but wish to state that the requirement that the plaintiff establish "actual malice" relates only to accusations concerning the performance of the public official's duties.