## DREW *v.* KATV TELEVISION, INC.

87-187                                          739 S.W.2d 680

Supreme Court of Arkansas
Opinion delivered November 23, 1987

*Lincoln & Orsini, P.A.*, by: *Bob Lawson, Jr.*, for appellant.

*Ramsay, Cox, Lile, Bridgeforth, Gilbert, Harrelson & Starling*, by: *Spencer F. Robinson*, for appellee.

DARRELL HICKMAN, Justice. This is a defamation suit. William Drew, a Lake Village attorney, sued KATV, claiming that the television station defamed him in news broadcasts on July 10, 1984, and July 25, 1984. It was reported during one broadcast that he had been charged with a felony, when he was actually charged with two misdemeanor counts of solicitation to tamper with evidence. These charges were ultimately dismissed at trial. Drew also alleged that the news reports implied that he was involved in a drug investigation being conducted at the

Chicot County Memorial Hospital, where he served as Chairman of the Board of Governors.

■    The trial judge dismissed the case on a motion for summary judgment, reciting in a letter to the parties his finding that Drew was a "public figure."[1] A public official or public figure can only recover damages for defamation against a media defendant by proving that the media's defamatory statements were made with actual malice. There is no evidence of actual malice in this record.

■■    We find that Drew was a public official: a lesser one, perhaps, but nonetheless, one of sufficient importance that the public had an interest in his position and the manner in which he performed it. *See Rosenblatt* v. *Baer*, 383 U.S. 75 (1966). Drew was appointed to his position as Chairman of the Board of Governors by the county judge and, evidently, served in that position for fifteen years. In addition, it appears that the Chicot County Hospital is publicly owned and operated. While that fact is not seriously disputed, Drew will not actually concede that the hospital is a "public" institution, arguing that it operates on its "own revenues." We deem this distinction too fine to warrant a finding that a material fact is in dispute sufficient to preclude summary judgment.

We often refer to other decisions in determining whether a particular person is a public official. We have held that a lawyer is not a public official. *See Dodrill* v. *Arkansas Democrat Co.*, 265 Ark. 628, 590 S.W.2d 840 (1979). However, we have found that an assistant law school dean is; *see Gallman* v. *Carnes*, 254 Ark. 987, 497 S.W.2d 47 (1973); likewise, a deputy sheriff is, and so are city police officers. *See Hollowell* v. *Arkansas Democrat*

---

[1] KATV contended in its motion for summary judgment that Drew was either a public official or a public figure. Drew responded that he was neither. The order simply granted summary judgment and referred the parties to a letter in which the trial judge found Drew to be a public figure. On appeal Drew concentrated his efforts on arguing that he was not a public figure. KATV, in its brief, continued to argue that Drew was *either* a public official *or* a public figure. Consequently, in Drew's reply brief, he argued primarily that he was not a public official. The trial judge may have been using the term "public figure" loosely, intending it to encompass "public official," too. These terms are used loosely in the record but have distinct meanings in the law of defamation. Ultimately, if Drew was either a public official or a public figure, summary judgment was proper.

*Newspaper*, 293 Ark. 329, 737 S.W.2d 646 (1987); *Lancaster* v. *Daily Banner-News Publishing Co., Inc.*, 274 Ark. 145, 622 S.W.2d 671 (1981). Even a grade school wrestling coach has been held to be a public official. *See Johnston* v. *Corinthian Television Corp.*, 583 P.2d 1011 (Okla. 1978).

We find that Drew was holding a position of considerable public responsibility as chairman of the board of a county hospital and was, therefore, a public official. Absent evidence of actual malice, summary judgment was proper.

■ Appellant argues that upon viewing the broadcasts as a whole, a jury might have reached different conclusions as to the existence of actual malice. He claims, therefore, that summary judgment was improper, and that the presence or absence of actual malice was a question for the jury. However, in *Anderson* v. *Liberty Lobby, Inc.*, 106 S. Ct. 2505 (1986), the United States Supreme Court held that on a motion for summary judgment, in a case involving the actual malice standard, the court must determine whether the evidence presented could support a reasonable jury finding that actual malice was shown by clear and convincing evidence. Clearly, the evidence in this case could not support such a finding, and the trial judge was correct in granting summary judgment.

Affirmed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur in the result because I do not believe there were sufficient allegations of fact to support a verdict for damages for defamation. However, I disagree with the opinion in holding that the appellant was either a "public official" or a "public figure" because the facts as developed in the pleadings do not support such a finding. If the issue is disputed, it is the duty of the trial court to make an independent determination of whether the plaintiff is a public official or public figure. *Rosenblatt* v. *Baer*, 383 U.S. 75, 88 (1966). See *Cornett & Smith* v. *Prather*, 293 Ark. 108, 737 S.W.2d 159 (1987). This case was not developed on that issue. However, since there was no genuine issue on defamation, it is not necessary to address the matter of actual malice.

I wish to point out that a media defendant stands in no better position than any other defendant in a defamation action. *Dun & Bradstreet* v. *Greenmoss Builders*, ___ U.S. ___, 105 S.Ct. 2939 (1985). The media is subject to the same standard as the general public.