947 S.W.2d 20 (1997)
58 Ark.App. 91
Charles T. MEYER and Meyer's Bakeries Incorporated, Appellants,
v.
RIVERDALE HARBOR MUNICIPAL PROPERTY OWNERS IMPROVEMENT DISTRICT NO. 1 OF LITTLE ROCK, ARKANSAS; Marion B. Burton, Agent; Riverdale Harbor Incorporated; Walker Real Estate; H. Bradley Walker; Marion B. Burton; and Hugh Murphy, Appellees.
No. CA 96-1254.
Court of Appeals of Arkansas, Division IV.
June 18, 1997.
*21 John P. Gill, Little Rock, for Appellants.
Mariam T. Hopkins, Little Rock, for Appellees.
AREY, Judge.
The appellant in this chancery case purchased a lot in Canal Pointe, a residential subdivision, from Riverdale Harbor Incorporated. After a dispute regarding security in the subdivision, the appellant sued the appellees for fraud and breach of contract. The chancellor found that the suit was barred by the three-year statute of limitations applicable to tort claims, and granted summary judgment against the appellant. This summary judgment was appealed, and, in an unpublished decision delivered on February 21, 1996, we held that the chancellor properly applied the three-year statute of limitations because the appellant's cause of action, in substance, sounded in tort. Subsequently, the appellees petitioned the chancery court for an award of attorney's fees pursuant to Ark.Code Ann. § 16-22-308 (Repl.1994). After a hearing, the chancellor awarded attorney's fees to the appellees. This appeal followed.
The appellant contends that the chancellor erred in concluding that the appellees were entitled to an award of attorney's fees under Ark.Code Ann. § 16-22-308 (Repl. 1994). We agree, and we reverse.
Arkansas Code Annotated § 16-22-308 provides that:
In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.
This section has been held to authorize an award of attorney's fees to a party who successfully defends against a contract claim. Cumberland Financial Group, Ltd. v. Brown Chemical Co., 34 Ark.App. 269, 810 S.W.2d 49 (1991). However, § 16-22-308 does not permit an award of attorney's fees in tort actions. Stein v. Lukas, 308 Ark. 74, 823 S.W.2d 832 (1992).
*22 Although both contract and tort claims were advanced in the case at bar, the action was not based primarily in contract. Our prior opinion was premised on our holding that the appellant's claims were based primarily in tort. Nonetheless, attorney's fees were awarded to appellees subsequent to our prior opinion, upon findings that appellees were the prevailing party and that the contract claim advanced by the appellants was a "substantial issue" before the trial court.
We do not disagree with the chancellor's finding that the appellees are the prevailing party. However, we do not think it is sufficient to base a fee award under § 16-22-308 upon a finding that a contract claim is a "substantial issue." Where both contract and tort claims are advanced, an award of attorney's fees to the prevailing party is proper only when the action is based primarily in contract. See Wheeler Motor Co., Inc. v. Roth, 315 Ark. 318, 867 S.W.2d 446 (1993); Security Pacific Hous. Services, Inc. v. Friddle, 315 Ark. 178, 866 S.W.2d 375 (1993); Stein v. Lukas, 308 Ark. 74, 823 S.W.2d 832 (1992); Kinkead v. Union Nat'l Bank, 51 Ark.App. 4, 907 S.W.2d 154 (1995).
In Wheeler Motor Co., Inc. v. Roth, the prevailing party cross-appealed from the trial court's denial of an award of attorney's fees. The prevailing party's case had been submitted to the jury on alternate contract and tort theories. Special interrogatories were utilized; one jury instruction allowed an award of damages consistent with the tort theory, and another jury instruction authorized an award of damages consistent with breach of contract. In determining whether the denial of attorney's fee was proper, our supreme court examined the basis of the prevailing party's claim:
When the prevailing party's claim is based in tort, an award of attorney's fees cannot be justified under section 16-22-308.... Because the jury gave [the prevailing party] an award in the amount of the purchase price, it must have based its award on restitution for revocation. This rests in tort. The jury obviously found deceit which formed the basis of revocation and the restitutionary award. We cannot say the trial judge erred in declining to award attorney's fees.
Wheeler Motor Co., Inc., 315 Ark. at 329, 867 S.W.2d at 451 (citations omitted). Even though a contract claim was litigated and submitted to the jury, our supreme court looked to the basis of the prevailing party's claim in determining whether an award of fees was justifiable under § 16-22-308.
In Security Pacific Housing Services, Inc. v. Friddle, our supreme court reversed an award of attorney's fees to the prevailing party. At trial, the prevailing party pursued its counterclaim for breach of contract and conversion. After judgment was entered in its favor, the trial court awarded the prevailing party attorney's fees. The losing party appealed, claiming that fees could not be justified under § 16-22-308 because the prevailing party prevailed on its claim in tort for conversion, not on its claim for breach of contract. The supreme court agreed.
[W]e conclude [the prevailing party's] recovery was based primarily in the tort of conversion. We make this finding with full awareness that [the prevailing party's] counterclaim included a claim for breach of contract. Merely alleging a claim for breach of contract does not mean the jury awarded damages on that basis. The evidence presented focused on the wrongful repossession and the tort of conversion. The relatively large award of punitive damages indicates the jury awarded its verdict based on the tort claim.
Security Pacific Hous. Services, Inc., 315 Ark. at 186, 866 S.W.2d at 379. Thus, litigation of a breach-of-contract claim alone was not sufficient to justify fees under § 16-22-308; the award of fees was reversed. Id.
The denial of attorney's fees was appealed by the prevailing party in Stein v. Lukas. At trial, the prevailing party advanced both deceit and breach-of-warranty claims. The circuit court instructed the jury on both of these claims. Nonetheless, our supreme court affirmed the denial of fees under § 16-22-308.
Arkansas' fee statute for civil actions does not embrace tort actions such as deceit. See Ark.Code Ann. § 16-22-308 (1987). In this case deceit lies at the heart of the *23 claim leveled by the [prevailing party] against the [losing party]. Stein, 308 Ark. at 83, 823 S.W.2d at 837. The court noted that "[t]his was essentially a deceit action sounding in tort." Id., 308 Ark. at 82, 823 S.W.2d at 836. Therefore, even though a contract claim was litigated and presented to the jury, fees were denied.
Each of these cases involved a contract or breach-of-contract claim; the claims must have been substantial enough to justify presentation to the jury. Nonetheless, in each case our supreme court denied fees to the prevailing party because the action was based primarily in tort.
Kinkead v. Union National Bank presents a different fact pattern. The prevailing party, a bank, brought a foreclosure action on its note and mortgages. The losing party counterclaimed on various tort theories, and under a federal statute. The trial court granted judgment to the prevailing party on its foreclosure complaint and on all counts of the losing party's counterclaim; the prevailing party was awarded attorney's fees. The losing party argued that the bank may have been entitled to receive an attorney's fee on its foreclosure action, but it was not entitled to a fee for defending the counterclaim, since the latter was based upon tort theories and a federal statute. Our court did not agree.
We find that Stein v. Lukas, supra, is not controlling in this fact situation. In that case, the [prevailing party's] complaint was brought on theories of deceit and breach of warranty. Here, although [the losing party] made unsubstantiated allegations of tort in their counterclaim, the trial was basically an action for foreclosure.
Kinkead, 51 Ark.App. at 18, 907 S.W.2d at 162. Thus, because the action was based primarily in contract"basically an action for foreclosure"an award of attorney's fees was proper to the prevailing party that defended a counterclaim based in tort and a federal statutory cause of action.
In the case at bar, our prior opinion was premised on our holding that the appellant's claims were based primarily in tort. We must follow this characterization of the appellant's action, because it is the law of the case. Matters decided on a prior appeal are the law of the case and govern the appellate court's actions on the subsequent appeal. Thurman v. Clarke Industries, Inc., 45 Ark. App. 87, 872 S.W.2d 418 (1994).
Because the appellant's action was based primarily in tort, we reverse the award of attorney's fees. In light of our decision on this issue, the appellant's remaining points for reversal are moot; consequently, we do not address them.
Reversed and dismissed.
ROBBINS, C.J., and ROAF, J., agree.