Rick MARCUM, President of Phi Kappa
Tau Housing Corp. a/k/a PKT Housing,
Rick Marcum, Individually, and Anthony
Capo, Individually, and as Vice-President of
Phi Kappa Tau Housing Corp. *v.* Matt WENGERT,
Paul Wengert, and Angie Wengert

CA 99-250                                  20 S.W.3d 430

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered June 28, 2000
[Petition for rehearing denied August 23, 2000.* ]

---

* Bird and Meads, JJ., would grant.

*The Evans Law Firm*, by: *Marshall Dale Evans*, for appellants.

*Conners & Winters, P.L.L.C.*, by: *John R. Elrod* and *Vicki Bronson*, for appellees.

OLLY NEAL, Judge. This is an appeal from the Washington County Circuit Court's denial of appellants' request for

attorney's fees following the entry of judgment on a jury verdict for appellant Phi Kappa Tau Housing Corporation (hereinafter "PKT") against appellees Matt Wengert, Paul Wengert, and Angie Wengert in the amount of $10,500. On cross-appeal, appellees do not appeal from the jury verdict rendered but assert error in the trial court's refusal to grant them judgment as a matter of law on the ground that appellant Rick Marcum lacked authority to prosecute this action on behalf of PKT. We affirm the trial judge's decision in all respects.

In August 1994, appellees leased a building for a term of six months to PKT for use as a fraternity house by the Fayetteville chapter of Phi Kappa Tau Fraternity. Marcum signed the lease as president, and appellant Anthony Capo signed it as vice-president of PKT. After the term of the lease expired, PKT continued as a month-to-month tenant through the remainder of the school year. During the summer of 1995, several of the student fraternity members occupied the house with the permission of appellees, although the terms of that agreement were later disputed. The parties to this appeal were unsuccessful in reaching an agreement for the next school term, and appellees directed PKT to remove its personal property from the building. A few days later, appellee Matt Wengert notified Marcum that he must immediately remove the furniture or it would be considered abandoned. Paragraph seventeen of the lease provided: "Any personal property not removed at the termination or forfeiture of this Lease Agreement shall be deemed abandoned and become the property of Lessor without any payment or offset of such fixtures or property." Appellants did not remove the furniture from the building, and appellees later refused to return it or the security deposits to PKT.

In February 1996, Marcum, as president of PKT, filed a complaint against appellees for conversion of PKT's furniture, valued at $10,000, and for the return of $8,000 in security deposits and $2,000 for kitchen renovations. In response, appellees alleged that the personal property had been abandoned pursuant to the terms of the lease. They filed a counterclaim and a third-party complaint against Marcum and Capo, individually and in their capacities as president and vice-president of PKT, alleging breach of the lease and seeking damages in excess of $40,000. PKT filed an amended complaint requesting damages for appellees' failure to deliver the premises until three weeks after the lease was signed, for return of

its security deposits, and for conversion of the furniture. PKT also sought punitive damages of $100,000 in the amended complaint.

At trial, appellees moved for judgment as a matter of law on the ground that Marcum did not have authority to file the lawsuit on behalf of PKT because he was not a member of the board of directors or an officer of the corporation when the suit was filed. The circuit judge denied the motion, stating that appellees lacked standing to raise this question.

In its verdict on interrogatories, the jury found that appellees had converted PKT's property and awarded it damages of $8,500. It also found that appellees had breached the contract with PKT and awarded it $4,000 for that breach. The jury further found that appellees were entitled to recover $2,000 in damages from PKT. It found that Marcum and Capo were not liable to appellees for any damages.

In a letter opinion written after the jury returned its verdict, the circuit judge stated:

> [PKT] maintains it is entitled to recover an attorney's fee under either the provisions of A.C.A. section 16-22-308 or the terms of the parties' lease agreement providing for same.

> Under either theory of recovery, a party seeking entitlement to a fee must be the prevailing party. Here, [PKT] received more money under the jury's verdict than [appellees], and as [PKT] argues, could be considered the prevailing party. However, [PKT], in its amended complaint, sought at least $110,000 in damages, recovered $8,500 on its conversion theory and $2,000 on its breach of contract claim, thus hardly prevailing on its original claim.

> On the other hand, [appellees] claimed damage in excess of $40,000 in their counterclaim and obtained a net verdict of $2,000 — a far cry from their sought after recovery, but nonetheless a recovery.

> [PKT] seeks an attorney's fee and costs amounting to $54,432.69 and [appellees] maintain they have expended in excess of $20,000 defending [PKT's] claims and prosecuting their counterclaim. This case involves claims by [PKT] for conversion and breach of contract and a counterclaim by [appellees] for breach of contract. This is a simple case, neither complicated by facts nor esoteric questions of law. It is exceedingly difficult to imagine why,

in a case of this nature, a litigant would authorize the expenditure of sums anywhere near those now claimed by [PKT], or for that matter, paid by the [appellees].

Prevail is defined as being victorious. See *Webster's*, 1989 ed. Certainly neither [PKT] nor [appellees] have been victorious. In my judgment, neither party, as a matter of law, prevailed in this action and, accordingly, no fees or costs will be awarded.

On appeal, PKT argues that it should have been awarded attorney's fees according to the terms of the lease. Marcum and Capo assert that they should have been awarded attorney's fees as provided by Arkansas Code Annotated section 16-22-308 (Repl. 1999). We disagree with both arguments.

■ Arkansas Code Annotated section 16-22-308 provides for the recovery of a reasonable attorney's fee by the prevailing party in any civil action for breach of contract unless otherwise provided by the contract. There can be only one prevailing party in an action at law for the recovery of a money judgment; sometimes each party wins on some of the issues, but the party in whose favor the verdict compels a judgment is the prevailing party. *See ERC Mortgage Group, Inc. v. Luper*, 32 Ark. App. 19, 795 S.W.2d 362 (1990).

■ Here, the jury awarded PKT $8,500 for conversion of its property, a tort, and $4,000 for breach of contract, which was offset by a $2,000 breach-of-contract verdict for appellees. Appellees were unsuccessful in their breach-of-contract claims against Marcum and Capo. We therefore hold that PKT was a prevailing party because, after setting off the award to appellees, it was awarded judgment of $8,500 on its tort claim and $2,000 on its contract claim. The fact that PKT did not recover all of the damages it sought is not determinative of whether it prevailed at trial. Also, Marcum and Capo are prevailing parties because they successfully defended appellees' claims against them. *See Marsh & McLennan of Arkansas v. Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995); *Cumberland Financial Group v. Brown Chemical Co.*, 34 Ark. App. 269, 810 S.W.2d 49 (1991).

■ However, our analysis cannot end with the determination that appellants are prevailing parties. Even though Marcum and Capo are prevailing parties, we cannot say, given the record, that the circuit judge abused his discretion in denying them attorney's

fees. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

■■■ PKT's claim for attorney's fees involves different considerations. Appellees argue that PKT is not entitled to fees because it recovered $8,500 on its tort claim for conversion and attorney's fees are not recoverable in tort actions. We agree. Where both contract and tort claims are advanced, an award of attorney's fees to the prevailing party is proper only when the action is based primarily in contract. *See Wheeler Motor Co. v. Roth*, 315 Ark. 318, 867 S.W.2d 466 (1993); *Meyer v. Riverdale Harbor Mun. Property Owners Improvement Dist.*, 58 Ark. App. 91, 947 S.W.2d 20 (1997). We believe that, although PKT recovered some damages for breach of contract, this action is based primarily in tort. Therefore, the trial judge had no discretion as to whether to award attorney's fees to PKT. We may affirm the trial judge's decision if it is correct for any reason. *Alexander v. Chapman*, 299 Ark. 126, 771 S.W.2d 744 (1989).

PKT urges us to hold that it is entitled to attorney's fees under the terms of the lease, which states:

> In the case suit should be brought for recovery of the premises, or for any sum due hereunder, or because of any act which may arise out of the possession of the premises, by either party, the prevailing party shall be entitled to all costs incurred in connection with such action, including a reasonable attorney's fee.

PKT argues that this provision would require appellees to pay attorney's fees even in the context of a tort case. We do not agree.

In *Griffen v. First National Bank*, 318 Ark. 848, 888 S.W.2d 306 (1994), the issue was whether Arkansas Code Annotated section 16-22-308 limited the bank's right to an award of attorney's fees to those incurred at trial before the circuit court. There, the agreement provided that the appellant would "pay all expenses, legal and/or otherwise (including court costs and attorney's fees, paid or incurred by said Bank in endeavoring to collect such indebtedness, obligations and liabilities, or any part thereof, and in enforcing this guaranty." 318 Ark. at 855, 888 S.W.2d at 310. The supreme court held that the agreement was enforceable in accordance with its terms independent of the statute and, therefore, the bank was entitled to recover attorney's fees incurred in a related bankruptcy proceeding and upon appeal from the circuit court's judgment.

■ In our view, *Griffen v. First National Bank* cannot be read as providing support for PKT's position. In that case, the proceedings for which the attorney's fees were awarded were clearly within the specific terms of the agreement — the appellee incurred those fees in seeking recovery of the debt and in enforcing the guaranty. We do not read *Griffen v. First National Bank* as providing authority for the recovery of attorney's fees in actions such as this that are based primarily in tort. It is true that, in the case before us, the wording of the agreement to pay attorney's fees is broader than that involved in *Griffen v. First National Bank* and that the parties' entry into the lease provided the opportunity for their subsequent conflict. Nevertheless, the relevant language of the unambiguous lease before us does not expressly contemplate that appellees must pay attorney's fees in cases involving the tort of conversion, nor can we reasonably interpret it as doing so by implication. If the parties had chosen to provide otherwise, they were free to include such language in the lease. Accordingly, we hold that PKT is not entitled to recover attorney's fees under the facts of this case.

For their cross-appeal, appellees assert that the circuit judge should have granted them judgment as a matter of law because Marcum was not a director of PKT and did not have the authorization of the board when the suit was filed and, therefore, could not act on its behalf. The circuit judge denied appellees' motion by stating that they lacked standing to complain about this issue. At trial, appellants unsuccessfully sought to introduce into evidence a document stating that PKT's board had ratified Marcum's initiation of this lawsuit on PKT's behalf; however, appellants failed to include its rejection among their points on appeal.

■ Nevertheless, we have no difficulty in affirming the trial judge's decision in this regard on two bases. Appellees filed a counterclaim and third-party complaint seeking affirmative relief against Marcum and Capo in their capacities as president and vice-president of PKT. One may not complain of action he has induced, consented to, or acquiesced in. *Anderson v. Anderson*, 60 Ark. App. 221, 963 S.W.2d 604 (1998); *Neel v. Citizens First State Bank*, 28 Ark. App. 116, 771 S.W.2d 303 (1989). Additionally, we think this situation is analogous to one where a defendant waits until trial to argue that the action has not been prosecuted by the real party in interest. As we held in *Monaghan v. Davis*, 16 Ark. App. 258, 700 S.W.2d 375 (1985), a trial court has discretion whether to hold that

a party has waived this issue by waiting until trial to raise it. A trial court's ruling will be affirmed on appeal if it is correct for any reason. *Alexander v. Chapman, supra.*

Affirmed.

HART, STROUD, and CRABTREE, JJ.,agree.

BIRD and MEADS, JJ., dissent.

SAM BIRD, Judge, dissenting. I agree with the majority opinion that the trial court erred in holding that there was no prevailing party. I also agree with the majority opinion in its holding that the prevailing parties in this action are Phi Kappa Tau Housing Corporation (PKT), Rick Marcum, and Anthony Capo. However, I disagree with the majority opinion's holding that these prevailing parties are not entitled to an attorney's fee because their cause of action is "based primarily in tort." I believe that this case is based primarily in contract, and I would reverse and remand for the judge to determine a reasonable amount of attorney's fees to be paid to the prevailing parties.

I agree generally with the facts as recited in the majority opinion. I would add, however, that where the majority opinion states that appellees told appellants to "immediately" remove their furniture from appellees' house after negotiations for a new lease broke down, what was actually said by Matt Wengert to Rick Marcum was that PKT had "fifteen minutes" to remove their furniture from the house or the furniture would be deemed to have been abandoned. When appellants did not meet this obviously impossible deadline, appellees claimed appellants' furniture as their own and refused to return it. The majority opinion also fails to note that appellees specifically alleged in their counterclaim that PKT's furniture had been abandoned by the appellants and became the property of the appellees *pursuant to section 17 of the lease agreement.*

The general rule in Arkansas is well settled that attorney's fees are not awarded unless expressly provided for by statute or rule. *Gill v. Transcriptions, Inc.,* 319 Ark. 485, 892 S.W.2d 258 (1995). Arkansas Code Annotated section 16-22-308 (Repl. 1999) states:

> In any civil action to recover on an open account, statement of account, account stated, promissory notes, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares,

or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

This section has been held to authorize an award of attorney's fees to a party who successfully defends against a contract action. *Meyer v. Riverdale Harbor Mun. Property Owners Improvement*, 58 Ark. App. 91, 947 S.W.2d 20 (1997). This section does not allow for an award of attorney's fees in tort actions. *Id.* Where both contract and tort claims are advanced, an award of attorney's fees to the prevailing party is proper only when the action is based primarily in contract. *Id.* In determining what cause of action was litigated, the courts look to the basis of the claim and also consider the issue presented to the jury. *Id.*

In this case, the claim filed by appellants and the cross-claim filed by appellees were based primarily in contract. PKT's cause of action is not simply an action for conversion in which it seeks to recover its property from one who has appropriated it to his own use. This is an action that depends for its existence solely upon the parties' lease contract that resulted in PKT's furniture being placed in Wengert's house, the ownership of which furniture was claimed by Wengert solely in reliance upon the terms of the contract. Unless PKT wished to simply surrender to the Wengerts' bullying tactic to take their furniture in unreasonable reliance upon the forfeiture provision of their lease contract, the only recourse they had was to file an action for conversion. Nonetheless, the sole underlying basis for the suit was their lease contract.

In addition to the $8,500 awarded by the jury to appellants for PKT's furniture, the jury also awarded appellants $4,000 for their unrefunded security deposit as provided for in the contract. Clearly there is no dispute as to whether appellants' claim for the recovery of its security deposit was based solely on the contract. Nor is there any dispute that attorney's fees incurred by appellants in defending against appellees' counterclaim to obtain ownership of PKT's furniture was based solely on the contract. Under these facts, it is difficult to understand how the majority can hold that appellants are not entitled to recover attorney's fees under Ark. Code Ann. § 16-22-308 because their cause of action was "based primarily in tort."

I also believe that appellants should be entitled to a reasonable attorney's fee because their contract specifically provided for it. *Griffen v. First Nat'l Bank*, 318 Ark. 848, 888 S.W.2d 306 (1994). *See also C.R. Anthony Co. v. Wal-Mart Properties*, 54 F.3d 514 (8th Cir. 1995). In *Griffen v. First Nat'l Bank, supra,* the supreme court held that where the parties entered into a written contract that specifically provides for the payment of attorney's fees incurred in the enforcement of the contract, the agreement is enforceable according to its terms, independent of the statutory authorization set forth in Ark. Code Ann. § 16-22-308. The court went on to state that the intention of the *Griffen* decision was to make a clear statement of the law regarding the award of attorney's fees when parties enter into such agreements. Given this clear statement, it is also difficult for me to understand how the majority can avoid applying the law of *Griffen* to this case, even if Ark. Code Ann. § 16-22-308 (Repl. 1999) did not apply. Paragraph 16 of the parties' lease contract states:

> ATTORNEY'S FEES. *In the case suit should be brought for recovery of* the premises, or for *any sum due hereunder,* or because of any act which may arise out of the possession of the premises, *by either party,* the prevailing party shall be entitled to all costs incurred in connection with such action, including a reasonable attorney's fee.

(Emphasis added.)

This broad language does not limit the nature of the *suit* to an action in contract. An action in tort fulfills the definition of a *suit.* The only limitation imposed by this contract provision is that the suit be brought for the recovery of any sum due under the contract. The $8,500 judgment that the jury awarded to PKT for its furniture was a sum that became due under the contract. The contract provided that PKT's furniture would be deemed abandoned only if it was not removed from the Wengerts' house "upon termination or forfeiture" of the lease. PKT contended that the lease, by its terms, continued on a month-to-month basis and had not been terminated or forfeited, and that the Wengerts had acted unreasonably in allowing them only fifteen minutes to remove their furniture after the breakdown of their negotiations to renew the lease contract. That the Wengerts also considered the lease to have continued on a month-to-month basis is obvious from the fact that they continued to accept monthly rental payments after the original lease term had

expired. When the Wengerts refused to permit PKT to retrieve its furniture after negotiations broke down, the furniture's value became a "sum due under the contract." The jury found that value to be $8,500. Under those circumstances, the contract provided that "the prevailing party shall be entitled to all costs incurred in connection with such action, including a reasonable attorney's fee."

I would reverse and remand this case to the trial court with instructions to award a reasonable attorney's fee to the appellants. I am authorized to state that Judge MEADS joins with me in this dissent.