John DODGE, Jim Bolt, Dr. Tim Brooker, and Francis J. Hart *v.*
Andy LEE and Nelson Erdmann

02-521 100 S.W.3d 707

Supreme Court of Arkansas
Opinion delivered March 13, 2003

*John Dodge*; and *Clark & Spence*, by: *George R. Spence*, for appellants.

*Jim Rose III*, for appellees/cross-appellants.

DONALD L. CORBIN, Justice. This case arose when Appellees Andy Lee and Nelson Erdmann filed a suit for defamation and libel in the Benton County Circuit Court against Appellants John Dodge, Jim Bolt, Dr. Tim Brooker, Francis J. Hart, and thirteen other defendants. Many of the defendants, including these Appellants, filed counterclaims, alleging that Appellees' suit was frivolous and constituted a malicious prosecution. The suit was eventually dismissed pursuant to Appellees' motion for voluntary nonsuit. Thereafter, the trial court struck Appellants' counterclaims, and they appealed. On appeal, we determined that we could not reach the merits of Appellants' claims, due to an insufficient addendum, and we gave Appellants additional time to provide the necessary information. *See Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002).[1] With that information now before us, we reverse the trial court's order striking the counterclaims of Appellants Dodge, Bolt, and Brooker.

We must, however, affirm the trial court's ruling as to Appellant Hart, as the record does not contain a counterclaim filed on his behalf. In the prior appeal, we observed that a copy of Hart's counterclaim was absent from the addendum. Thereafter, it was discovered that Hart's counterclaim had been omitted from the record. Prior to submitting the new addendum, Appellants filed a motion to supplement the record with the missing counterclaim. We denied that motion. Accordingly, we cannot review Hart's claim on appeal, based on this court's long adherence to the

---

[1] In that case, we also affirmed the appeal of seven defendants, wherein they sought attorney's fees from Appellees, as well as the appeal brought by Appellees, wherein they sought to overturn the default judgment granted in favor of one of the defendants.

rule that matters outside the record will not be considered on appeal. *See, e.g., Rothbaum v. Arkansas Local Police & Fire Ret. Sys.*, 346 Ark. 171, 55 S.W.3d 760 (2001); *Greene v. Pack*, 343 Ark. 97, 32 S.W.3d 482 (2000); *Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999). The burden is on the appellant to bring up a record sufficient to demonstrate that the trial court was in error, and where the appellant fails to meet this burden, we have no choice but to affirm the trial court. *Id.* We now discuss the claims of the remaining three Appellants.

The record reflects that Appellees filed their complaint for defamation and libel on November 21, 2000, alleging that Appellants Dodge, Bolt, and Brooker had, for the past several years, "engaged in a concentrated effort to defame the character and professional standing of the [Appellees] herein by repeated publications of slander and libel with no basis in fact." The complaint sought actual damages of $500,000 and punitive damages of $1,500,000 on behalf of each Appellee, for a total amount of $4,000,000.

The following day, Appellant Bolt filed a pleading titled "*CROSS-COMPLAINT*," charging that Appellees' complaint was frivolous and constituted a malicious prosecution. Bolt sought actual damages to be determined by the court and punitive damages of $5,000,000. One week later, on November 28, Appellants filed an answer, which reflected an assertion that the complaint was frivolous, and it sought dismissal of the complaint with an award of expenses, attorney's fees, and punitive damages.

On December 7, Appellants Dodge and Brooker each filed a document titled "*CROSS-COMPLAINT*," alleging that Appellees' suit was frivolous and constituted a malicious prosecution. Brooker, like Bolt, sought unspecified actual damages and punitive damages of $5,000,000, while Dodge did not specify any amount of damages. Also on December 7, Appellant Bolt filed an amended cross-complaint, again, seeking punitive damages of $5,000,000.

On December 12, Appellees filed a motion to strike the foregoing cross-complaints, on the ground that such a pleading is not recognized under the Arkansas Rules of Civil Procedure, particularly Rule 7(a). On December 18, Appellants filed a response to

the motion to strike, asserting that the foregoing pleadings were inadvertently styled as cross-complaints due to a scrivener's error on Dodge's secretary's part. The response asserted that the pleadings were actually counterclaims. The response also asserted that their claims were sufficient under Ark. R. Civ. P. 8. They asserted further that Appellees' motion to strike should be denied because the intent of the pleadings was clear.

Also on December 18, Appellants Dodge, Bolt, and Brooker filed new pleadings titled "*AMENDED COUNTERCLAIM*." The allegations were the same as those previously styled as cross-complaints; however, the amount of punitive damages sought by each increased from $5,000,000 to $6,000,000.

During the hearing on August 31, 2001, counsel for Appellees argued that the trial court should strike the cross-complaints because the rules of civil procedure do not recognize such a pleading. Appellees' counsel argued that the amended counterclaims were also improper because there had been no prior counterclaims to amend. Thus, in essence, counsel asked the trial court to strike the counterclaims merely because they were styled as *amended* counterclaims. Appellants' counsel, on the other hand, argued that granting the motion to strike would be putting form over substance, against this court's rules.

The trial court ultimately agreed with Appellees and struck the pleadings and the claims stated therein. In an order entered on October 29, 2001, the trial court found that the cross-complaints were improper pleadings. The trial court found further that the amended counterclaims were also improper because no counterclaims had ever been filed. The trial court reasoned: "Without a Counter-Claim there can be no Amended Counter-Claim." Appellants argue that these rulings are erroneous under the rules of civil procedure and this court's cases. We agree.

■ ■ Rule 7(a) provides for the types of pleadings allowed, specifically complaints, answers, counterclaims, answers to counterclaims, cross-claims, third-party complaints, and third-party answers. It then provides that no other pleadings will be allowed. Rule 8(f), however, provides: "All pleadings shall be liberally construed so as to do substantial justice." This court has repeatedly relied on this rule of liberal construction in looking to

the substance of a pleading, beyond its actual form. *See, e.g., Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997); *Wise Co., Inc. v. Clay County Circuit Court*, 315 Ark. 333, 869 S.W.2d 6 (1993); *Cornett v. Prather*, 293 Ark. 108, 737 S.W.2d 159 (1987); *Fort Smith Symphony Orchestra, Inc. v. Fort Smith Symphony Ass'n, Inc.*, 285 Ark. 284, 686 S.W.2d 418 (1985). The holding in *Cornett* succinctly reflects our position:

> Courts should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek. It would not be in the interest of justice and fair play to be blindly guided by the title of a motion or pleading. We continue to abide by the well-established rule that a pleading will not be judged entirely by what it is labeled but also by what it contains.

293 Ark. at 111, 737 S.W.2d at 160-61. *See also O'Guinn Volkswagen, Inc. v. Lawson*, 256 Ark. 23, 505 S.W.2d 213 (1974) (holding that substance, rather than form, has been the watchword in matters pertaining to pleading and procedure in Arkansas); *Home Ins. Co. v. Williams*, 252 Ark. 1012, 1015, 482 S.W.2d 626, 628 (1972) (holding that "a liberal construction requires that every reasonable intendment should be indulged in favor of the pleader and effect should be given to substance rather than form regardless of the name of the pleading").

 Under the foregoing law, the trial court's order striking Appellants' counterclaims must be reversed, as it directly contradicts Rule 8(f) and our holdings. It is clear from the record before us that the trial judge did just what our cases caution against — he construed the pleadings strictly, looking only to their style or form, with no regard for their substance. Construing the pleadings liberally, as we must, it is clear that the claims made by Appellants were counterclaims, seeking damages against Appellees for filing a frivolous complaint and for malicious prosecution. As such, the counterclaims should not have been stricken merely because they were styled as cross-complaints. We thus reverse the trial court's ruling as it pertains to Appellants Dodge, Bolt, and Brooker, and we remand this matter for further proceedings consistent with this opinion.

 Affirmed in part; reversed and remanded in part.