Vaughn & Sharon CHILDERS  *v.*  H. Louis PAYNE, D.C.

06-691                                              252 S.W.3d 129

Supreme Court of Arkansas
Opinion delivered March 8, 2007

*Hartsfield, Almand, Denison, PLLC*, by: *Larry J. Hartsfield*, for appellants.

*Wright, Lindsey & Jennings, LLP*, by: *Alston A. Jennings, Jr.*, for appellee.

PAUL E. DANIELSON, Justice. Appellant Vaughn Childers[1] appeals from an order of the Pulaski County Circuit Court,

---

[1] The case title on appeal includes Sharon Childers as an appellant; however, the circuit court dismissed her complaint as having been filed more than two years after the cause

which dismissed with prejudice his complaint for failure to comply with Arkansas Code Annotated section 16-114-209 (Repl. 2006). Childers raises two points of error: (1) that the circuit court erred by finding that the affidavit he submitted was insufficient to comply with section 16-114-209, and (2) that the circuit court erred by failing to determine that section 16-114-209(b), in its entirety, was unconstitutional. Appellee H. Louise Payne, D.C., cross-appeals, claiming that the circuit court erred by finding section 16-114-209(b)(3)(B) unconstitutional and by dismissing Childers's original complaint without prejudice. We affirm the circuit court on direct appeal and hold that the cross-appeal is moot.

The record reflects the following facts. On March 29, 2004, Childers filed a pro se complaint against Payne for allegedly performing a chiropractic manipulation on him in a manner that fell beneath the standard of care for chiropractic medicine in Pulaski County, Arkansas, and resulted in permanent and severe bodily injury to Childers. Childers claimed that the actions occurred on or about March 29, 2002. On May 4, 2004, Payne filed a motion to dismiss the complaint because the affidavit required by section 16-114-209(b)(2) had not been filed. Counsel for Childers entered an appearance on May 5, 2004. Childers then moved for voluntary dismissal (nonsuit) and the circuit court, over Payne's objection, entered an order dismissing the case without prejudice on July 30, 2004.[2]

On January 5, 2005, Childers filed a second complaint against Payne, which made the same accusations and added his wife, Sharon Childers, as a plaintiff. The complaint stated that Mrs. Childers had experienced the loss of the social and marital relationship and companionship of her husband from the date of his injury. A letter written by C. Michael DuPriest, a Little Rock chiropractor, reflecting his opinions regarding Payne's care of Childers, accompanied the complaint. Payne responded and argued that the letter failed to comply with section 16-114-209 and that neither the letter nor the complaint stated facts upon which relief could be granted. On March 9, 2005, Payne filed a motion to

---

of action arose and that dismissal has not been challenged. To avoid confusion this opinion will refer only to the sole appellant, Vaughn Childers.

[2] Payne argued to the circuit court that, because of the missing affidavit, Childers had not filed a proper complaint before the statute of limitations tolled and, thus, he was entitled to a dismissal with prejudice.

dismiss alleging that, after the complaint was filed, the required affidavit was not filed and that Childers's claim was barred by the two-year statute of limitations.

On April 26, 2005, Childers responded to the motion to dismiss and argued that section 16-114-209 was unconstitutional, that the complaint and the letter constituted substantial compliance with the statute, and that the failure to attach the required affidavit was excusable neglect on the part of the attorney as he could not find the correct amendment to the statute to know what it required. DuPriest's affidavit was attached to Childers's April 26, 2005, response to the motion to dismiss. The circuit court held that the affidavit did not meet the requirements of section 16-114-209(b)(2) in that it did not state with particularity the expert's opinion as to how the applicable standard of care had been breached or how that breach resulted in Childers's injury. Rather than dismissing the case pursuant to section 16-114-209(b)(3)(B), the circuit court held that subsection (b)(3)(B) was unconstitutional, that Childers had made an effort to comply with the statute, and that Childers would have an additional fifteen days within which to file a proper supplemental affidavit.[3] Childers declined to submit a new affidavit, and the circuit court entered an order dismissing the case with prejudice on April 28, 2006.

Arkansas Code Annotated section 16-114-209 states:

(a) If any action for medical injury is filed without reasonable cause, the party or attorney who signed the complaint shall thereafter, as determined by the court, be subject to:

(1) The payment of reasonable costs, including attorney's fees, incurred by the other party by reason of the pleading; and

(2) Appropriate sanctions.

(b)(1) In all cases where expert testimony is required under § 16-114-206, reasonable cause for filing any action for medical injury due to negligence shall be established only by the filing of an affidavit that shall be signed by an expert engaged in the same type of medical care as is each medical care provider defendant.

(2) The affidavit shall be executed under oath and shall state with particularity:

---

[3] Section 16-114-209(b)(3)(B) instructs a court to dismiss the complaint if the proper affidavit is not filed within thirty days of the complaint being filed with the clerk.

(A)  The expert's familiarity with the applicable standard of care in issue;

(B)  The expert's qualifications;

(C)  The expert's opinion as to how the applicable standard of care has been breached;  and

(D)  The expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.

(3)(A)  The plaintiff shall have thirty (30) days after the complaint is filed with the clerk to file the affidavit before the provisions of subsection (a) of this section apply.

(B)  If the affidavit is not filed within thirty (30) days after the complaint is filed with the clerk, the complaint shall be dismissed by the court.

Ark. Code Ann. § 16-114-209 (Repl. 2006).

Childers's most recent complaint was filed against Payne on January 5, 2005. As previously noted, section 16-114-209 instructs that a plaintiff in a medical-malpractice suit must provide an affidavit containing the expert's familiarity with the applicable standard of care in issue, qualifications, opinion as to how the applicable standard of care has been breached, and opinion as to how the breach of the applicable standard of care resulted in injury or death, within thirty days of the filing of the complaint. Here, Childers failed to submit a proper affidavit within thirty days of his January 5, 2005, complaint.[4]

Childers attempted to file DuPriest's affidavit on April 26, 2005, along with his response to Payne's motion to dismiss; however, it was not filed within thirty days of the complaint. *See* Ark. Code Ann. § 16-114-209(b)(3)(B). The circuit court found that the affidavit was improper, not because of the time at which it had been submitted, but because it was too vague. It further found that both DuPriest's letter and affidavit failed to describe his

---

[4] As previously noted, Childers had moved to voluntarily nonsuit his original complaint after Payne had filed a motion to dismiss arguing that the required affidavit had not been filed.

familiarity with the applicable standard of care or how any injury to Childers was a proximate result of Payne's failure to perform within that standard. Even still, the circuit court opted to give Childers an additional fifteen days to file a more specific affidavit.

Nonetheless, Childers declined to file an additional affidavit, and his counsel wrote a letter to the circuit court reflecting that decision: "Actually, it makes little difference because Mr. Childers will not file an amended affidavit, and very shortly Mr. Jennings will be filing a motion to dismiss which this Court will grant." Following that letter, the circuit court entered its April 28, 2006, order which dismissed the case with prejudice after declaring the following:

> 1. By Order of this Court dated March 27, 2006, recorded on March 28, 2006, this Court determined the Affidavit of Dr. Du-Priest filed in this Court and cause does not comply with A.C.A. § 16-114-209, and the Court granted the Plaintiff fifteen (15) days from and after the entry of said Order to file an Affidavit which complies with A.C.A. § 16-114-209; and fifteen (15) days have passed f[ro]m and after entry of said Order and plaintiff has failed, neglected and refused to file a supplemental or amended affidavit.

We agree, for the same reasons stated by the circuit court, that the affidavit was deficient. Moreover, we have held that an appellant may not complain of an action of the trial court which he induced, consented to, or acquiesced. *See Missouri Pac. R.R. Co. v. Gilbert*, 206 Ark. 683, 178 S.W.2d 73 (1944); *see also Marcum v. Wengert*, 70 Ark. App. 477, 20 S.W.3d 430 (2000). For these reasons, we hold that the circuit court was correct in dismissing Childers's complaint.

In addition, we hold that Childers does not have standing to challenge the constitutionality of section 16-114-209(b)(3) because the circuit court did not apply the statute's thirty-day time limitation to him. As for the remainder of section 16-114-209(b), every legislative act carries a strong presumption of constitutionality and that presumption places the burden of proof on the party challenging the legislation to prove its unconstitutionality. *Ark. Dep't of Correction v. Bailey*, 368 Ark. 518, 247 S.W.3d 851 (2007). We hold that Childers does not present a convincing argument on appeal to support his position and to overcome the strong presumption of constitutionality. We have frequently stated that we will not consider an argument, even a

constitutional one, when the appellant presents no convincing argument in its support, and it is not apparent without further research that the argument is well taken. *See Rainey v. Hartness*, 339 Ark. 293, 5 S.W.3d 410 (1999). Accordingly, we affirm the circuit court's dismissal of Childers's complaint. Because we hold that the case was properly dismissed, we hold that Payne's cross-appeal is moot.

Affirmed.