SLIP OPINION

Cite as 2016 Ark. 261

# SUPREME COURT OF ARKANSAS

No. CV–16–114

| | |
|---|---|
| PRISCILLA PONDER<br><div align="right">APPELLANT</div> | **Opinion Delivered** June 16, 2016 |
| V. | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. JV2013-340] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN, A.P., E.P., AND J.P.<br><div align="right">APPELLEES</div> | HONORABLE EDWIN A. KEATON, JUDGE <br><br>AFFIRMED; MOTION TO DISREGARD DEPARTMENT OF HUMAN SERVICES' DOCUMENTS THAT WERE TENDERED, BUT NOT FILED, BY THE SUPREME COURT CLERK'S OFFICE MOOT; COURT OF APPEALS' OPINION VACATED. |

**KAREN R. BAKER, Associate Justice**

On December 17, 2013, the appellee Arkansas Department of Human Services ("DHS") took a seventy-two-hour hold on Priscilla Ponder's children, A.P., E.P., and J.P. after the death of L.C., a sibling. Ponder is the appellant in this matter. DHS and A.P., E.P., and J.P. are joint appellees in this appeal and will be referred to collectively as "DHS." The children were removed from the home, and A.P. was placed with one set of relatives and E.P. and J.P. with another set of relatives. On May 29, 2014, the circuit court adjudicated the children dependent-neglected, and the goal was set for reunification. The circuit court conducted review hearings on June 16, August 4, and September 29, 2014. On December 1, 2014, the circuit court conducted a permanency-planning hearing and found that it was not

in the best interest of the children to return to Ponder, and the goal was changed to identify permanent custodians. Also, at the permanency planning hearing, the circuit court set a review hearing to set permanent placement of the children for January 5, 2015.

On January 9, 2015, the circuit court conducted a review hearing and granted permanent custody of the children to family members. On January 12, 2015, the circuit court entered the permanency-planning order. On January 26, 2015, the circuit court entered orders with the permanent-custody placement of the three minor children. From the permanent-custody orders, Ponder appealed to the court of appeals. On January 27, 2016, the court of appeals reversed and remanded the matter to the circuit court. *Ponder v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 61, 481 S.W.3d 785.

On February 8, 2016, DHS filed a petition for review. On March 31, 2016, we granted DHS's petition for review and granted supplemental briefing. On April 20, 2016, Ponder filed a "Motion to Disregard DHS's Documents that Were Tendered, But Not Filed, by the Supreme Court Clerk's Office" which we took with the case. On May 19, 2016, both parties filed supplemental briefs. On appeal, Ponder presents one issue: the circuit court erred in granting permanent custody of the children to family members because the award is not supported by sufficient evidence. We have jurisdiction pursuant to Arkansas Rule of Appellate Procedure – Civil 2(d) (2016).

This court reviews findings in dependency-neglect proceedings de novo, but we will not reverse the trial court's findings unless they are clearly erroneous. *Lamontagne v. Ark. Dep't of Human Servs.*, 2010 Ark. 190, 366 S.W.3d 351. A finding is clearly erroneous when,

SLIP OPINION

although there is evidence to support it, the reviewing court, based on the entire evidence, is left with a definite and firm conviction that a mistake has been committed. *Id.* Furthermore, we give due deference to the trial court's superior position to determine the credibility of the witnesses and the weight to be given their testimony. However, a trial court's conclusions of law are given no deference on appeal. *Stehle v. Zimmerebner*, 375 Ark. 446, 456, 291 S.W.3d 573, 580 (2009).

Turning to Ponder's sole point on appeal, pursuant to Arkansas Code Annotated section 9–27–334(a)(2)(A) (Repl. 2015), if a juvenile is found to be dependent-neglected, the circuit court may enter an order transferring custody of the juvenile to a relative or other individual if to do so is in the best interest of the juvenile. Ponder argues that the circuit court erred in finding that it was in her three minor children's best interest to be placed in the permanent custody of relatives and asserts that there is insufficient evidence to support the circuit court's findings. Specifically, Ponder contends that the circuit court failed to conduct a hearing or take evidence regarding the permanent-custody placement, and the record is void of evidence to support the circuit court's placement.

At issue are the circuit court's January 26, 2015, orders, which stated in pertinent part:

> From the testimony, exhibits, statements of the parties and counsel, the record herein, and other things and matters presented, the Court, noting the best interests, welfare, health and safety, case plan[,] and appropriate statutory placement alternatives, does hereby order . . . :
>
> . . . .
>
> At this time, return to the custody of the mother is contrary to the welfare of A.P. and placement in the permanent custody of . . . [the] paternal grandparents is in the best interest of and necessary to the protection of A.P.

. . . .

The Court finds that it is in the best interest of the juvenile to grant permanent custody of [A.P.] . . . to [the paternal grandparents.]

Likewise, with regard to E.P. and J.P., the circuit court entered the following order:

From the testimony, exhibits, statements of the parties and counsel, the record herein, and other things and matters presented, the Court, noting the best interests, welfare, health and safety, case plan[,] and appropriate statutory placement alternatives does hereby order . . . :

. . . .

At this time, return to the custody of the parents is contrary to the welfare of E.P. and J.P. and placement in the permanent custody of . . . [the] paternal aunt is in the best interest of and necessary to the protection of E.P. and J.P.
. . . .

The Court finds that it is in the best interest of the juveniles to grant permanent custody of [E.P. and J.P.] . . . to [the paternal aunt].

With regard to the orders at issue, Ponder asserts there is no evidence to support the circuit court's January 26, 2015 permanent-custody placement. The record demonstrates that at the January 9, 2015 hearing, Ponder conceded that there was no new evidence to be presented and stated,

I would assume that the testimony would be the same. That there's really no new testimony to put on.

Further, a thorough review of the record demonstrates that there is nothing in the record in the instant case to support Ponder's argument. This court has repeatedly and consistently stated that it is the appellant's burden to bring up a record sufficient to demonstrate that the trial court was in error. *State Dep't of Career Educ. v. Means*, 2013 Ark. 173, at 14, 426 S.W.3d 922, 930–31; *Hudson v. Kyle*, 365 Ark. 341, 348–49, 229 S.W.3d 890, 895 (2006); *Dodge v.*

*Lee*, 352 Ark. 235, 100 S.W.3d 707 (2003); *Estate of Seay v. Quinn*, 352 Ark. 113, 98 S.W.3d 821 (2003). When the appellant fails to meet its burden, this court has no choice but to affirm the trial court. *See Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999); *Dodge*, *supra*. When an appellant fails to demonstrate error we affirm. *Jenkins v. Goldsby*, 307 Ark. 558, 822 S.W.2d 842 (1992). We will accept as correct the decisions of the trial court which the appealing party does not show to be wrong. *Kremer v. Blissard Mgmt & Realty, Inc.*, 289 Ark. 419, 711 S.W.2d 813 (1984). Moreover, we have held that "an appellant may not complain of an action of the trial court which he induced, consented to, or acquiesced. *See Missouri Pac. R.R. Co. v. Gilbert*, 206 Ark. 683, 178 S.W.2d 73 (1944); *see also Marcum v. Wengert*, 70 Ark. App. 477, 20 S.W.3d 430 (2000)." *Childers v. H. Louis Payne, D.C.*, 369 Ark. 201, 205, 252 S.W.3d 129, 132 (2007). Because Ponder has failed to bring a sufficient record demonstrating error, we affirm the circuit court.

Affirmed; Motion to Disregard Department of Human Services' Documents That Were Tendered, But Not Filed, by the Supreme Court Clerk's Office moot; Court of Appeals' opinion vacated.

DANIELSON and HART, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** I respectfully dissent. The fact that the circuit judge has made what may well be a reasonable disposition of the minor children in this case does not make his decision legally correct. Nor does it excuse this court's responsibility to preserve the rule of law.

As Justice Hugo Black stated, one of the purposes of the American Revolution was

to make certain that men would be governed by law, not the arbitrary fiat of the man

or men in power. Our ancestors' ancestors had known the tyranny of the kings and the rule of man and it was, in my view, in order to insure against such actions that the Founders wrote into our own Magna Carta the fundamental principle of the rule of law, as expressed in the historically meaningful phrase 'due process of law.'

*In re Winship*, 397 U.S. 358, 384 (1970) (Black, J., dissenting). Justice Black further noted that

"'(t)he words, 'due process of law,' were undoubtedly intended to convey the same meaning

as the words 'by the law of the land' in Magna Charta.'" *Id.*, (quoting *Murray's Lessee v. Hoboken*

*Land & Improv. Co.*, 18 How. 272, 276 (1856)). The primary function of the judicial system is

to preserve the rule of law. *Alexander v. State*, 268 Ark. 384, 389, 598 S.W.2d 395, 397 (1980)

(Fogleman, J., concurring).

The law of the land regarding the disposition of children who have been found to be

dependant-neglected is found in our statutes and court rules. The law of the land was not

followed in the case before us.

Ms. Ponder correctly notes that pursuant to Arkansas Code Annotated section 9-27-

338(c) (Repl. 2015), the circuit court could have ordered the disposition that it ultimately made

at the December 1, 2014 permanency-planning hearing, assuming that proper notice had been

given to the parents. However, it did not—the circuit court ordered only a change in the case

goal from reunification to placement with a willing relative. At the January 9, 2015 "review

hearing," Ms. Ponder indicated that she intended to appeal the change in case goal.

Significantly, the permanency-planning order, which Ms. Ponder would have to appeal from,

was not filed until January 12, 2015.

No notice was given to the parents prior to the January 9, 2015 "review hearing" that

a final disposition would be made. At the hearing, the Department of Human Services (ADHS)

failed to present evidence that the relative placements that were ultimately made in this case

were in the best interest of the children. While ADHS could have made the transcript of the permanency-planning hearing part of the record, it simply failed to do so.

Accordingly, this court has no way of determining if the circuit judge's decision was proper or not. Because ADHS failed to make the transcript of the permanency-planning hearing part of the record in the subsequent "review hearing," according to Supreme Court Rule 6-9(c), we cannot consider it in our review. Rule 6-9(c) states in pertinent part:

(c) Record on Appeal.

(1) The record for appeal shall be limited to the transcript of the hearing from which the order on appeal arose, any petitions, pleadings, and orders relevant to the hearing from which the order on appeal arose, all exhibits entered into evidence at that hearing, and all orders entered in the case prior to the order on appeal.

Thus the majority's holding that Ms. Ponder failed to bring up a record to demonstrate error, fails to grasp the essential thrust of Ms. Ponder's argument. She argues that the circuit court found that the disposition was in the best interest of the children *without any evidence*, at least without any evidence at the hearing in which the disposition was made. That explains the sparseness of the record, not the lack of diligence on the part of Ms. Ponder's trial and appellate counsel.

What we do have before us that could possibly explain the circuit judge's rationale for his decision—"all the orders entered in the case prior to the order on appeal" raise as many questions as they answer. Regarding A.P., we know that Tamme Graham and Brian Graham, the parents of A.P.'s putative father Wesley Owens, were the temporary custodians of the child for approximately a year. At least there appears to be an effort to give a five-year- old child some stability in her life.

However, the same orders show that for the previous ten months, the temporary

custodian of the twins E.P. and J.P., born on January 23, 2012, had been paternal aunt Teri Lum. While the circuit judge announced from the bench that Ms. Lum would receive permanent custody, the written order inexplicably granted permanent custody to Nina Ponder. Interestingly, E.P. and J.P. had been transferred to Ms. Lum's custody after Nina Ponder and her husband James Ponder returned the children to ADHS, claiming that James Ponder's "health issues" prevented their being able to care for the children. The written orders show that Nina Ponder was not present at the permanency-planning hearing. Moreover, at the "review hearing," ADHS presented no evidence regarding her merits as a custodian or even if she was willing and able to carry out the duties of custodian to two very young children.

It is *possible* that the circuit judge may have come up with the disposition that best serves the interest of the children. However, based on the record before us, this court has no way to review the circuit judge's decision. As Justice Black noted, when a judge makes a decision that does not follow the law, "our Nation ceases to be governed according to the 'law of the land' and instead becomes one governed ultimately by the 'law of the judges.'" *In re Winship*, 397 U.S. at 384. I will not concede that due process does not matter.

I would reverse and remand.

DANIELSON, J., joins in this dissent.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

*Mischa K. Martin*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for A.P., E.P., and J.P.