KAREN R. BAKER, Associate Justice hOn December 17, 2013, the appellee Arkansas Department of Human Services (“DHS”) took a seventy-two-hour hold on Priscilla Ponder’s children, A.P., E.P., and J.P. after the death of L.C., a ■ sibling. Ponder is the appellant in this matter. DHS and A.P., E.P., and J.P. are joint appellees in this appeal and will be referred to collectively as “DHS.” The children were removed from the home, and A.P. was placed with one set of relatives and E.P. and J.P. with another set of relatives. On May 29, 2014, the circuit court adjudicated the children dependent-neglected, and the goal was set for reunification. The circuit court conducted review hearings on June 16, August 4, and September 29, 2014. On December 1, 2014, the circuit court conducted a permanency-planning hearing and found that it was not lain the best interest of the children to return to Ponder, and the goal was changed to identify permanent custodians. Also, at the permanency planning hearing, the circuit court set a review hearing to set permanent placement of the children for January 5, 2015. On January .9, 2015, the circuit court conducted. a review hearing and granted permanent custody of the children to family. members. On-January 12, 2015, the circuit court entered the permanency-planning order. On January 26, 2015, the circuit court entered orders with the permanent-custody placement- of the three minor children. From the permanent-custody orders, Ponder appealed to the court of appeals. On January 27, 2016, the court of appeals reversed and remanded the matter to the circuit court. Ponder v. Ark. Dep’t of Human Servs., 2016 Ark. App. 61, 481 S.W.3d 785. On February 8, 2016, DHS filed a petition for review. On March 31, 2016, we granted DHS’s petition for review and granted supplemental briefing. On April 20, 2016, Ponder filed a “Motion to Disregard DHS’s Documents that Were Tendered, But Not Filed, by the Supreme Court Clerk’s Office” which we took with the case. On May 19, 2016, both parties filed supplemental briefs. On appeal, Ponder presents one issue: the circuit court erred in granting permanent custody of the children to family members because the award is not supported by sufficient evidence. We have jurisdiction pursuant to Arkansas Rule of Appellate Procedure-Civil 2(d) (2016). This court reviews findings in dependency-neglect proceedings de novo, but we will'not reverse the trial court’s findings unless they are clearly erroneous. Lamontagne v. Ark. Dep’t of Human Servs., 2010 Ark. 190, 366 S.W.3d 351. A finding is clearly erroneous when, [.¡although there is evidence to support it, the ■ reviewing ■ court, based on the entire evidence, is left with a- definite and firm conviction that a mistake has been committed. Id. Furthermore, we give due deference to the trial court’s superior position to determine the credibility of the witnesses and the. weight to be given,their testimony. However, a trial court’s conclusions of law are given no deference on appeal. Stehle v. Zimmerebner, 375 Ark. 446, 456, 291 S.W.3d 573, 580 (2009). Turning to Ponder’s sole point on appeal, pursuant to Arkansas Code Annotated section 9-27-334(a)(2)(A) (Repl. 2015), if a juvenile is found to be dependent-neglected, the circuit court may enter an order transferring custody of the juvenile to a relative or other individual if to do so 'is in the best interest of the juvenile. Ponder argues that the circuit court erred in finding that it was in her three minor children’s best interest to be placed in the permanent custody of relatives and asserts that there is insufficient evidence to support the circuit court’s findings. Specifically, Ponder contends that the circuit court failed to conduct a hearing or take evidence regarding the permanent-custody placement, and the record is void of evidence to support the circuit court’s placement. • , ' At issue are the circuit court’s January 26, 2015, orders, which stated in pertinent part:- . , ■ Prom the testimony, exhibits, statements of the parties and counsel, the record herein, and other things and matters presented, the Court, noting the best interests, welfare, health and safety, case plan[,] and appropriate statutory placement alternatives, does hereby order ... : [[Image here]] At this time, return to the custody of the mother is contrary, to the welfare of A.P. and placement in the. permanent custody of •... [the] paternal grandparents- is .in the best, interest of and necessary to the protection of A.P. [[Image here]] The Court finds that it is in the best interest of the juvenile to grant permanent custody of [A.P.] ... to [the paternal grandparents.] Likewise, with regard to E.P. and J.P., the circuit court entered the following order:. . . , From the testimony, exhibits, statements of the parties'and counsel,'the record herein, and other things and matters presented, the Court, noting the best interests, welfare, health and safety, case plan[,] and appropriate statutory placement alternatives does hereby order ...: [[Image here]] At this time, return to the custody of the parents is contrary to the welfare of E.P. and J.P. and placement in the permanent custody of ... [the] paternal aunt is in the best interest of and necessary to the protection of E.P. and J.P. [[Image here]] The Court finds that it is in the best interest of the juveniles to grant permanent custody of [E.P. and J.P.] ..; to [the paternal aunt]. With regard to the orders at issue, Ponder asserts there is no evidence to support the circuit court’s January 26, 2015 permanent-custody placement. The record demonstrates that at the January 9, 2015 hearing, Ponder conceded that there was no new evidence to be presented and stated, I would assume that the testimony would be the same. That there’s really no new testimony to put on. Further,’ a thorough review of the record demonstrates that there is nothing in the record in the instant casé to support Ponder’s argument. This court has repeatedly and consistently stated that it is the appellant’s burden to bring up a record sufficient to demonstrate that the trial court was in error. State Dep’t of Career Educ. v. Means, 2013 Ark. 173, at 14, 426 S.W.3d 922, 930-31; Hudson v. Kyle, 365 Ark. 341, 348-49, 229 S.W.3d 890, 895 (2006); Dodge. v. Lee, 352 Ark. 235, 100 S.W.3d 707 (2003); Estates of Seay v. Quinn, 352 Ark. 113, 98 S.W.3.d 821 (2003). When the appellant fails to meet its burden, this court has no choice but to affirm the trial court.- See Warnock v. Warnock, 336 Ark. 506, 988 S.W.2d 7 (1999); Dodge, supra. When an appellant fails to demonstrate error we affirm. Jenkins v. Goldsby, 307 Ark. 558, 822 S.W.2d 842 (1992). We will accept as correct the decisions of the trial court which the appealing party does not show to be wrong, Kremer v. Blissard Mgmt. & Realty, Inc., 289 Ark. 419, 711 S.W.2d 813 (1984). Moreover, we have held that “an appellant may riot complain of an action of the trial court which he induced, consented to, or acquiesced. See Missouri Pac. R.R. Co. v. Gilbert, 206 Ark. 683, 178 S.W.2d 73 (1944); see also Marcum v. Wengert, 70 Ark.App. 477, 20 S.W.3d 430 (2000).” Childers v. H. Louis Payne, D.C., 369 Ark. 201, 205, 252 S.W.3d 129, 132 (2007). Because Ponder has failed to bring a sufficient record demonstrating error, we affirm the circuit court. Affirmed; Motion to Disregard Department of Human Services’ Documents That Were Tendered, Brit Not Filed, by the Supreme Court Clerk’s Office moot; Court of Appeals’ opinion vacated. Danielson and Hart, JJ., dissent.