Cite as 2025 Ark. App. 199

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-744

| | | |
|---|---|---|
| | | **Opinion Delivered** April 2, 2025 |
| ERIC J. TORAN | | |
| | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCV-22-892] |
| V. | | |
| DEIDRA WILLIAMS | | HONORABLE DIANNA HEWITT LADD, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

In this one-brief appeal, appellant Eric Toran asserts three points of error challenging the circuit court's order in favor of appellee Deidra Williams in a breach-of-contract action: (1) Toran was not properly notified of proceedings; thus, he did not have the opportunity to defend himself; (2) Williams knowingly and willfully falsified material evidence and committed perjury; and (3) judgment in favor of Williams was the result of judicial bias. For the reasons stated herein, we affirm.

The record and brief presented to this court prohibits appellate review of the merits of the issues challenged on appeal. This appeal was brought pro se, and Toran failed to cite relevant authority in support of his arguments. No citation whatsoever is found within the argument section of Toran's brief. Instead of applying relevant legal authority to the facts of the case and undertaking a proper legal analysis, Toran's argument is limited to a regurgitation of facts and conclusory statements, none of which are supported by applicable law. It has been repeatedly held that the

appellate court will not consider arguments unsupported by convincing argument or sufficient citation to legal authority.[1]  This alone is sufficient reason not to address Toran's points of appeal.[2]

In addition, in each of his points of appeal, Toran references testimony presented at the hearing before the circuit court, yet no transcript from the hearing is contained in the record.  As to point one, Toran asserts that, "[d]uring trial, realizing the clerk had not sent out any proceedings or letters to [Toran], other than the January 10 Order granting [Toran's] extension and notification of new trial date (June 24, 2023) the judge stated that [Toran] should have used Court Connect to know the case proceedings."  He further indicates that Williams's counsel stated during the hearing that a copy of the hearing notification was sent to Toran.  Toran also contends that Williams committed perjury when she repeatedly falsely testified regarding missed payments, past-due amounts resulting in a breach of contract, and a third agreement or "mutual understanding" with Toran.  As for his last point on judicial bias, Toran directs the court's attention to evidence elicited in testimony that the trial judge "discounted" and ignored.  Despite his extensive reliance on testimony presented at the hearing, Toran did not provide a transcript of the hearing.[3]

---

[1]*Omni Holding & Dev. Corp. v. 3D.S.A.*, 356 Ark. 440, 156 S.W.3d 228 (2004).

[2]*Id.*

[3]Toran's conventional record pleading with filing fee was accepted in error, and briefing commenced.  Once it was discovered that Toran's record was lodged without the transcript, he was informed that he could supplement the record upon motion to bring up the transcript.  He failed to do so.

Issues outside the record will not be considered on appeal.[4]  It is the appellant's burden to produce a record sufficient to demonstrate error, and when the appellant fails to meet this burden, we have no choice but to affirm the circuit court's ruling.[5]

The pro se appellant should be aware before he elects to proceed that pro se appellants receive no special consideration of their argument and are held to the same standard as a licensed attorney and must follow the rules of appellate procedure.[6]  Toran has not developed his arguments, cited relevant authority, or brought forth a sufficient record for our review.  Accordingly, Toran has failed to demonstrate error.

Affirmed.

KLAPPENBACH, C.J., and THYER, J., agree.

*Eric J. Toran*, pro se appellant.

One brief only.

---

[4]*Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999).

[5]*Dodge v. Lee*, 352 Ark. 235, 100 S.W.3d 707 (2003).

[6]*Wade v. State*, 288 Ark. 94, 702 S.W.2d 28 (1986).