2009 Ark. App. 198

**Brittney Schoening DEAN and James Dean, Appellants**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES,**
**Appellee.**

**No. CA 08–1381.**

Court of Appeals of Arkansas.

March 18, 2009.

**538**

Deborah R. Sallings, Arkansas Public Defender Comm'n, for appellants.

No response.

M. MICHAEL KINARD, Judge.

On September 11, 2008, the Sebastian County Circuit Court terminated appellants' parental rights in J.D. (born February 21, 2005), and K.D. (born February 8, 2007). Appellants' counsel has filed a no-merit brief and motion to withdraw, pursuant to *Linker–Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rules 4–3(j) and 6–9(i) (as amended Sept. 25, 2008). Counsel's brief contains all rulings from the termination hearing that are adverse to appellants and states that none of those rulings present an issue of arguable merit for appeal. Our clerk's office mailed a copy of counsel's brief and motion to appellants at their last known address, informing them of their right to submit points for reversal. The packet was returned unclaimed, and appellants have therefore filed no pro se points.

Upon thorough examination of the record and counsel's brief, we conclude that an appeal in this case would be wholly frivolous. *See Linker–Flores v. Ark. Dep't of Human Servs.*, 364 Ark. 224, 217 S.W.3d 107 (2005). We therefore affirm the termination order and grant counsel's motion to withdraw.

Appellants tested positive for drugs throughout the case, including periods when they were in drug rehabilitation and in the few days before the termination hearing. Appellants also failed to obtain stable housing and failed to complete drug rehabilitation, counseling, and parenting classes. Mr. Dean had some income, but he did not pay the court-ordered child support of thirty-six dollars per week, choosing instead to spend seventy dollars per week on cigarettes. Both appellants were convicted of public intoxication after DHS removed the children from the home in March 2007, and Mr. Dean was convicted of the same offense again in January 2008. DHS provided appellants with referrals for psychological assessments, drug assessments, counseling, drug treatment, medication management, parenting classes, and housing. A DHS witness testified that she recommended termination of parental rights and adoption as a permanency plan for the children, who were then ages three and one.

The above evidence effectively demonstrates the futility of an appeal from the termination decision. Appellants have been non-compliant throughout the case and have continued to use drugs without making any serious attempts to remedy their circumstances. However, we make a single observation regarding DHS's presentation of its case below. Our termination statute requires the circuit court to consider the likelihood of a child's adoption in assessing whether termination of parental rights is in the child's best interest. Ark.Code Ann. § 9–27–341(b)(3)(A) (Repl. 2008). The circuit court in this case did so and therefore complied with the statute. Yet, DHS offered no evidence of the children's likelihood of adoption. Consequently, the court was placed in the posture of considering this factor without the benefit

of testimony from a knowledgeable witness. Because the proof in this case so clearly supports a finding that termination is in the children's best interest, an appeal on this point would be unsupportable. But we caution DHS that it has the burden of proof at trial and that it should not be cavalier in producing evidence that enables the circuit court to make its statutorily-mandated findings.

■ The remaining decisions adverse to appellants involve an evidentiary ruling and an overruled objection during DHS's cross-examination of Mr. Dean. The evidentiary rulings involve the court's admission of appellants' public-intoxication convictions. Appellants objected that Ark. R. Evid. 609 prohibits use of misdemeanor convictions for impeachment purposes. However, DHS did not use the convictions for impeachment purposes but to prove its case for parental unfitness. Additionally, Mr. Dean testified that he and Mrs. Dean were "high on methamphetamine" when DHS removed the children from their custody and that he and Mrs. Dean were later convicted of public intoxication. Thus, no prejudice can be |₄shown from admission of the conviction documents. *See Aka v. Jefferson Hosp. Ass'n,* 344 Ark. 627, 42 S.W.3d 508 (2001).

Appellants also objected when a DHS caseworker suggested a question for the DHS attorney to ask Mr. Dean on cross-examination. This presents no possible meritorious grounds for reversal. The caseworker was properly in the courtroom and there is no indication that she created a disruption or suggested an unfairly prejudicial question.

Affirmed; motion to withdraw granted.

ROBBINS and BAKER, JJ., agree.