

# ARKANSAS COURT OF APPEALS

DIVISIONS I and IV
**No.** CV–15–300

| | |
|---|---|
| PRISCILLA PONDER<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND A.P., E.P.,<br>and J.P., MINOR CHILDREN<br>APPELLEES | **OPINION DELIVERED** JANUARY 27, 2016<br><br>APPEAL FROM THE UNION<br>COUNTY CIRCUIT COURT<br>[NO. JV–2013–340–3ED]<br><br>HONORABLE EDWIN KEATON,<br>JUDGE<br><br>SUBSTITUTED OPINION ON GRANT<br>OF REHEARING; REVERSED AND<br>REMANDED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Priscilla Ponder appeals the January 26, 2015 orders of the Union County Circuit Court,[1] arguing that there was insufficient evidence to support the circuit court's grant of permanent custody of appellant's three minor children, A.P., E.P., and J.P. to relatives and closing the case. We agree; accordingly, we reverse and remand.

### I. *Facts and Procedural History*

On December 13, 2013, the Department of Human Services (DHS) took a seventy-two-hour hold on appellant's children after the death of a sibling.[2] The children were

---

[1]These were final orders pursuant to Arkansas Rule of Civil Procedure 54(b) (2015), entered subsequent to the review hearing; notices of appeal were filed on January 29, 2015.

[2] This child was her boyfriend's son, L.C. it is unclear whether L.C. was, in fact, a sibling for purposes of the Juvenile Code.

separated almost immediately; A.P. was placed with one set of relatives, and E.P. and J.P. were placed with another. The children were adjudicated dependent-neglected by an order file-marked on May 29, 2014, and the goal was set for reunification. Review hearings held on June 16, August 4, and September 29, 2014, continued that goal until the permanency-planning hearing on December 1, 2014, when the goal was changed to obtaining a permanent custodian, including permanent custody with a fit and willing relative.

The circuit court found that it was not in the children's best interest to return custody to appellant and cited several reasons for that finding. Visitation was continued as previously ordered, prior orders not in conflict remained in effect, and the case was set for a review hearing. At the review hearing on January 9, 2015, the circuit court granted permanent custody of appellant's three children to two separate sets of relatives and closed the DHS case. On January 29, 2015, appellant filed a notice of appeal regarding the orders granting permanent custody of her children that are file-marked January 26, 2015, and this appeal follows.

The January 9, 2015 hearing—from which the orders now appealed were handed down—included no testimony, evidence, coherent arguments of counsel, or findings from the circuit court. But the orders appealed from specifically state,

> From the testimony, exhibits, statements of the parties and counsel, the record herein, and other things and matters presented, the Court, noting the best interests, welfare, health and safety, case plan[,] and appropriate statutory placement alternatives.

In appellant's brief, the only proceeding abstracted was the January 9, 2015 review hearing from which the orders are appealed originated pursuant to Rule 6-9 of the Arkansas Supreme Court Rules (2015), which states in pertinent part,

> (c)(1) The record for appeal *shall be limited to the transcript of the hearing from which the order on appeal arose,* any petitions, pleadings, and orders relevant to the hearing from which the order on appeal arose, all exhibits entered into evidence at that hearing, and all orders entered in the case prior to the order on appeal. (Emphasis added.)

Although described as a review hearing, the ten-page abstract and corresponding pages in the record indicate that other than counsel for the parties discussing the purpose of the hearing, the only matter dealt with was appellant's trial counsel basically conducting an indigency inquiry for the purpose of appeal of the December 1, 2014 permanency-planning hearing. On June 17, 2015, this court granted appellant's motion to strike the exhibits and transcript from the December 1, 2014 permanency-planning hearing, which were not reintroduced at the January 9, 2015 review hearing and should not have been included in the appellate record filed before this court.

## II.  *Standard of Review*

A dependent-neglected child's custody, when the preponderance of the evidence shows that it is in their best interest, can be transferred to a relative. Ark. Code Ann. §§ 9-27-325(h)(2)(B), 9-27-334(a)(2)(A), 9-27-335(d) (Repl. 2009 & Supp. 2013).  The appellate court on appeal will not reverse the circuit court's best-interest finding unless it is clearly erroneous. *See Penn v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 327.

This court reviews findings in dependency-neglect proceedings de novo but will not reverse the circuit court's findings unless they are clearly erroneous. *Porter v. Ark. Dep't of Human Servs.*, 374 Ark. 177, 286 S.W.3d 686 (2008). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Seago v. Ark. Dep't of Human Servs.*, 2011 Ark. 184, 380 S.W.3d 894. While disputed facts and determinations of credibility are within the province of the fact-finder, *Miller v. Ark. Dep't of Human Servs.*, 86 Ark. App. 172, 167 S.W.3d 153 (2004), a circuit court's conclusion on a matter of law is given no deference on appeal. *Linder v. Ark. Midstream Gas Servs. Corp.*, 2010 Ark. 117, 362 S.W.3d 889.

### III. *Statutory Requirements for Review Hearings*

Under Arkansas Code Annotated section 9-27-337 (Supp. 2013), the court shall review every case of dependency-neglect when:

> (a)(1)(A) A juvenile is placed by the court in the custody of [DHS] or in another out-of-home placement until there is a permanent order of custody . . . ;
>
> . . . .
>
> (e)(1)(A) In each case in which a juvenile has been placed in an out-of-home placement, the court shall conduct a hearing to review the case sufficient to determine the future status of the juvenile based upon the best interest of the juvenile.
>
> . . . .
>
> (B)(i) The court shall determine and shall include in its orders the following:
>
> (a) Whether the case plan, services, and placement meet the special needs and best interest of the juvenile, with the juvenile's health, safety, and educational needs specifically addressed;
>
> (b) Whether the state has made reasonable efforts to provide family services;

(c) Whether the case plan is moving towards an appropriate permanency plan pursuant to § 9–27–338 for the juvenile; and

(d) Whether the visitation plan is appropriate for the juvenile, the parent or parents, and any siblings, if separated.

. . . .

(C) In making its findings, the court shall consider the following:

. . . .

(iv) An appropriate permanency plan pursuant to § 9–27–338 for the juvenile.

Ark. Code Ann. §§ 9–27–337(a)(1)(A), (e)(1)(A), (B)(i), (C)(iv).


IV. *Sufficiency of the Evidence Supporting Circuit Court's Grant of Permanent Custody*

The orders appealed from specifically indicate that the case was thoroughly reviewed by the court on January 9, 2015, and pronounce that the circuit court found that it was in the children's best interest to grant permanent custody to their respective custodians, that DHS was relieved of providing services, and that no further review hearings would be required. But our review of the record confirms that there were no findings made by the circuit court based on evidence presented *at the review hearing* regarding the best interest of the children. Whether a change in custody is in the best interest of a child is a question of fact, not a matter of law, and as such, the best-interest criterion is susceptible of, and must be attended by, some proof. *See Calhoun v. Calhoun*, 84 Ark. App. 158, 138 S.W.3d 689 (2003). This court has cautioned DHS not to be "cavalier" in producing evidence given that DHS has the burden of proof at trial. *Dean v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 198, at 3, 299 S.W.3d 537, 539. Factors offered in evidence enable the circuit court to make its statutorily-mandated findings, such as "best interest."

We hold that the circuit court committed reversible error by making findings that granted custody in the orders appealed from despite the complete lack of evidence presented for the circuit court to consider at the January 9, 2015 review hearing. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ABRAMSON, GLOVER, HIXSON, HOOFMAN, and BROWN, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

*Mischa K. Martin*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.