John JILES, Jr. *v.* UNION PLANTERS BANK

CA 04-738                                                 205 S.W.3d 187

Court of Appeals of Arkansas
Opinion delivered March 16, 2005

*Fogleman & Rogers,* by: *Joe M. Rogers,* for appellant.

*Rieves, Rubens & Mayton,* by: *Elton A. Rieves, III,* for appellee.

JOHN MAUZY PITTMAN, Chief Judge. This is an appeal from an action brought to recover funds deposited on behalf of appellant by his guardian, Willistan Jiles. Appellant recovered the funds plus interest below, but appeals from the trial court's denial of attorney's fees. We reverse and remand.

The funds at issue were $18,000 in life insurance proceeds payable to appellant during his minority. Appellant's paternal grandmother was appointed as his guardian, and a guardianship bond was waived on the condition that the guardian deposit all the funds in a local financial institution that would be required to not permit withdrawals without the express permission of the probate court. The guardian deposited the funds on behalf of appellant in an account in the First National Bank of West Memphis, Arkansas, after the bank executed an agreement that no funds would be removed from the account without prior approval of the probate court, a routine step authorized by Ark. Code Ann. § 28-65-215(e) (1987). That statute provides, in pertinent part, that:

> [W]hen the ward's estate is all in cash, the court may dispense with the bond if the guardian deposits the entire estate on interest in a bank in Arkansas insured by the Federal Deposit Insurance Corporation or in a savings and loan association in Arkansas insured by the Federal Savings and Loan Insurance Corporation or in a credit union in Arkansas insured by the National Credit Union Administration and the value of the estate is not greater than the amount of the maximum insurance provided by law for a single depositor, and the bank or savings and loan association shall file with the probate clerk of the circuit court an agreement not to permit any withdrawal from the deposit except on authority of a circuit court order.

The present action was commenced by appellant to recover funds that the bank's successor allowed to be withdrawn without court approval in violation of this agreement. Although appellant recovered, the trial

court denied his request for attorney's fees under Ark. Code Ann. § 16-22-308 (Repl. 1999) on the grounds that it lacked authority to grant them because the primary focus of the case was failure to comply with a statutory duty, rather than breach of contract.[1]

■ On appeal, appellant contends that the trial court erred in ruling that attorney's fees could not be awarded in this case. We agree. When an action asserts a contract claim in addition to other bases for recovery, attorney's fees may be awarded under § 16-22-308 when the action is based primarily in contract. *Nationsbanc Mortgage Corp. v. Hopkins*, 82 Ark. App. 91, 114 S.W.3d 757 (2003). The factual underpinnings of several cases applying this rule were discussed in *Meyer v. Riverdale Harbor Municipal Property Owners Improvement District*, 58 Ark. App. 91, 947 S.W.2d 20 (1997), the court noting that, although each of those cases involved a contract or breach-of-contract claim substantial enough to justify presentation to the jury, fees were nonetheless denied to the prevailing party because the action was not based primarily in contract.

■ We think that the cause of action on which appellant's recovery was based in the present case was primarily based in contract. Although it is true that the statute imposed certain duties upon the contracting parties, the same may be said for most transactions coming within the scope of many other statutes, *e.g.,* the Uniform Commercial Code. The determining factor, we think, is whether the primary obligation arises under the contract. Here that is unquestionably so — although the bank was required to execute an agreement to not permit unauthorized withdrawals, the bank's obligation would not have existed had it not entered freely into an agreement with the guardian to accept the deposit of funds under the conditions imposed by Ark. Code Ann. § 28-65-215(e). We hold that the action sounded primarily in contract because all of the bank's obligations flowed from that initial agreement, and that the trial judge was mistaken in ruling that

---

[1] Arkansas Code Annotated § 16-22-308 (Repl. 1999) provides that "[i]n any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."

attorney's fees were not authorized under Ark. Code Ann. § 16-22-308. We therefore reverse and remand for the trial judge to reconsider the request for attorney's fees in light of this opinion. Given our resolution of this question, we need not address appellant's alternative argument.

Reversed and remanded.

GLADWIN and VAUGHT, JJ., agree.