Cite as 2025 Ark. App. 514

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-233

| | |
|---|---|
| JOHN AND NANCY BUTLER<br><br>APPELLANTS<br><br>V.<br><br>VEP, LLC, D/B/A/ VALLON CONDOMINIUMS; CHENAL PROPERTIES, INC.; AND FIRST SECURITY BANK<br><br>APPELLEES | Opinion Delivered October 29, 2025<br><br>APPEAL FROM PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60CV-17-697]<br><br>HONORABLE PATRICIA JAMES, JUDGE<br><br>AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Appellants, Nancy and John Butler, appeal the December 19, 2023 Pulaski County Circuit Court order awarding attorneys' fees and costs to appellee First Security Bank ("First Security"). On appeal, the Butlers argue that the circuit court erred in awarding attorneys' fees because (1) the relevant statute does not authorize attorneys' fees for promissory-estoppel claims; (2) the court should not expand the relevant statute to affirm a grant of attorneys' fees on a promissory-estoppel claim; (3) it is erroneous to apply contract principles to actions for promissory estoppel; (4) First Security's obligations as to the promissory-estoppel claim were not established in the written contract; (5) this court should not decide whether res judicata would bar further litigation in this case; (6) attorneys' fees cannot be awarded for a nonsuited breach-of-contract claim until or unless the Butlers recommence the action; and

(7) erroneous evidentiary rulings prevented the circuit court from applying the factors the court must consider when awarding attorneys' fees set out in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990), which caused unfair prejudice to the Butlers. We find no error and affirm.

In 2007, VEP, LLC ("VEP"), began development of the Chenal Condominiums of Vallon Circle ("Vallon").[1] In the initial phases of construction, it was contemplated that Vallon would consist of eleven condominium buildings with a total of 168 units, with amenities consisting of an infinity pool with cascading water features, a conference room and entertaining facility, and a fitness center. First Security financed the construction of the first condominium of the project in January of that year. In 2008, VEP's development plan changed. Rather than the original eleven buildings and 168 units, the project was scaled back to "six or seven" buildings with a total of 70 units.

In April 2008, while the Vallon building was still under construction, the Butlers contracted with VEP to buy a unit in the building. The Butlers' purchase was financed through First Security, and the purchase of the condominium closed in September of that year. However, VEP struggled to sell the remaining units in the first condominium building. Due to the lack of buyers, VEP did not move forward with further phases of the Vallon project. In the end, VEP constructed one building consisting of twelve units, with amenities

---

[1]None of the decisions related to the claims against VEP or Chanel Properties, Inc., are being appealed here. First Security Bank is the only appellee.

2

that included a noninfinity pool and hot tub, an outdoor kitchen and patio area, a workout facility, and a putting green.

On February 8, 2017, the Butlers filed this action alleging First Security orally committed to fund VEP's construction of the infinity pool, conference room, entertaining facility, and a fitness center once half of the units in the first condominium building were sold. In their amended complaint, the Butlers brought causes of action for fraudulent inducement, breach of contract, promissory estoppel, and breach of fiduciary duty against First Security.

On August 3, 2018, First Security moved for summary judgment. On December 31, 2019, the circuit court ruled on the summary-judgment motion and dismissed the Butlers' fraudulent-inducement and breach-of-fiduciary-duty claims with prejudice, finding the fraudulent-inducement claim was time-barred by a three-year statute of limitations and that there was no fiduciary relationship between the parties. All claims against Chenal Properties, Inc., were dismissed with prejudice. The circuit court left the Butlers' breach-of-contract and promissory-estoppel claims against First Security and VEP for jury trial.

On June 6, 2022, a three-day jury trial began. On the second day of the trial, the Butlers nonsuited their breach-of-contract cause of action, which was dismissed without prejudice, and continued with their promissory-estoppel claim. After the evidence was closed, the circuit court granted First Security's motion for directed verdict as to the Butlers' claim for punitive damages and dismissed the promissory-estoppel claim with prejudice for being filed outside the statute of limitations.

3

On June 8, First Security filed a motion for attorneys' fees in the amount of $181,530.33, arguing that while the Butlers had proceeded on only the promissory-estoppel claim, the "gist" of their action sounded in contract or, alternatively, that First Security was, in fact, the prevailing party on the contract claim notwithstanding its dismissal without prejudice. In support of its motion for fees, First Security attached both its billing records and counsel's affidavit showing the time spent and fees charged to First Security. However, a portion of those billing records were redacted, with First Security arguing the redaction was based on attorney-client privilege. The Butlers filed a motion in limine arguing they could not prepare for the hearing without the witnesses' identity and unredacted bills and asking the court for an order precluding First Security from calling the witnesses and presenting the redacted bills. At the fee hearing, the circuit court agreed with the Butlers and discounted the redacted portions of the billing record from its consideration. The circuit court concluded that the Butlers' cause of action sounded primarily in contract and awarded First Security $110,000 in attorneys' fees.

Whether an award of attorneys' fees is appropriate under Arkansas Code Annotated section 16-22-308 (Repl. 1999) depends on whether the case is one primarily based on breach of contract. *Jiles v. Union Planters Bank*, 90 Ark. App. 245, 247, 205 S.W.3d 187, 189 (2005). Our well-established rule relating to attorneys' fees is that they are not allowed except when expressly provided by statute. *Patton Hosp. Mgmt., LLC v. Bella Vista Vill. Coopershares Owners Ass'n, Inc.*, 2016 Ark. App. 281, 493 S.W.3d 798. Assuming fees are authorized by statute, a circuit court's decision to grant or deny attorneys' fees, and in what amount, lies within

4

the sound discretion of the court, and the appellate court will not reverse absent a showing of abuse of discretion. *Harris v. City of Forth Smith*, 366 Ark. 277, 234 S.W.3d 875 (2006).

In determining whether the circuit court was authorized to award attorneys' fees, we must examine whether Arkansas Code Annotated section 16-22-308 applied. The statute provides:

> In any civil action to recover on . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

The word "may" in the statute implies permissive or discretional, rather than mandatory, action or conduct and is construed in a permissive sense. *McDermott Brandon Props., LLC v. Wheeler*, 2023 Ark. App. 269, at 13, 669 S.W.3d 229, 237–38. A circuit court, therefore, is not required to award attorneys' fees under this statute, and any amounts awarded are discretionary. *Conway Com. Warehousing, LLC v. FedEx Freight E., Inc.*, 2011 Ark. App. 51, 381 S.W.3d 94. Furthermore, because of the circuit court's intimate acquaintance with the trial proceedings, our appellate courts usually recognize the superior perspective of the circuit court in determining whether to award attorneys' fees. *Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001). It is uncontroverted that attorneys' fees are not recoverable for actions based in tort or for actions seeking injunctive relief. *See Wheeler Motor Co., Inc. v. Roth*, 315 Ark. 318, 867 S.W.2d 446 (1993); *see also Ark. Okla. Gas Corp. v. Waelder Oil & Gas, Inc.*, 332 Ark. 548, 966 S.W.2d 259 (1998). However, where multiple claims are advanced—including a breach-of-contract claim—an attorneys'-fee award is proper when the

5

action is primarily based in contract. *Barringer v. Hall*, 89 Ark. App. 293, 305, 202 S.W.3d 568, 576 (2005). The factual underpinnings of several cases applying this rule were discussed in *Meyer v. Riverdale Harbor Municipal Property Owners Improvement District*, 58 Ark. App. 91, 947 S.W.2d 20 (1997), in which the court noted that, although each of those cases involved a contract or breach-of-contract claim substantial enough to justify presentation to the jury, fees were nonetheless denied to the prevailing party because the action was not based primarily in contract.

Here, the circuit court's order stated,

[T]his court finds this matter clearly sounds in contract. Although multiples causes of action were alleged, it is clear the issues in this matter revolve around the real estate contract and alleged representations made in relation to [the Butlers'] agreement to purchase a condominium. First Security Bank was therefore the prevailing party in this matter once this court granted the oral Motion for Directed Verdict on the claim for promissory estoppel.

In reviewing the record and arguments of both parties, we hold the Butlers' cause of action on which First Security's recovery was based was primarily based in contract. This court previously held, "The determining factor, we think, is whether the primary obligation arises under the contract." *Jiles*, 90 Ark. App. at 248, 205 S.W.3d at 189. Here, First Security's obligation would not have existed had the parties not entered freely into an agreement for the Butlers to purchase the condominium and for First Security to finance the construction. All of First Security's obligations flowed from that initial agreement, and keeping in mind the consideration we give to the circuit court in making these discretionary choices, we cannot say the circuit court abused its discretion in finding the Butlers' claim

primarily sounded in contract, warranting an award of attorneys' fee to First Security. By finding in favor of First Security on this first issue, we have also answered points two through six on appeal, all of which come back to the same question: does the cause of action sound in contract? We hold that it does.

For their final point on appeal, the Butlers argue they were unfairly prejudiced by erroneous evidentiary rulings that prevented the circuit court from applying the *Chrisco* factors. Although the Butlers' evidentiary arguments are not preserved, the portion of their argument regarding the *Chrisco* factors is appropriately before us. While the Butlers argue the circuit court did not consider the *Chrisco* factors, we disagree. First Security provided an in-depth recitation of each factor in its ordered prehearing brief, and at the fee hearing reiterated to the court that its attorneys'-fees motion demonstrated the *Chrisco* factors, which our supreme court has held to be sufficient. *See City of Little Rock v. Nelson*, 2020 Ark. 19, at 5, 592 S.W.3d 666, 669. Indeed, the circuit court in this case exercised its discretion by lowering the amount of attorneys' fees to be awarded and finding a portion of the fees unreasonable. Therefore, because the circuit court properly considered the appropriate factors, demonstrated by its exercise of discretion in lowering the amount of fees awarded, we cannot say the court abused its discretion in its award of attorneys' fees. We affirm.

Affirmed.

THYER and WOOD, JJ., agree.

*Luther Oneal Sutter* and *Lucien R. Gillham*, for appellants.

7

*The Jiles Firm, LLP*, by: *Gary D. Jiles* and *Matthew K. Brown*, for appellee First Security Bank.